**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant,**

v.

**Vaal R. DODD and Carolyn Dodd, Petitioners-Appellees.**

No. 26463.

United States Court of Appeals
Fifth Circuit.

April 24, 1969.

Jonothan S. Cohen, Edward Lee Rogers, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Dept. of Justice, Lee A. Jackson, Lester R. Uretz, Chief Counsel, Internal Revenue Service, Ronald R. Cresswell, Atty., Internal Revenue Service, Washington, D. C., for appellant.

Vaal R. Dodd, pro se.

Before THORNBERRY and DYER, Circuit Judges, and FISHER, District Judge.

DYER, Circuit Judge:

This is a petition to review, pursuant to section 7482 of the Internal Revenue Code of 1954, a decision by the Tax Court that moving expenses paid by the respondents, Vaal R. Dodd and Carolyn Dodd, were properly deducted on their 1963 joint income tax return as an "ordinary and necessary" business expense pursuant to section 162 of the Code.[1] We reverse.

---

1. Section 162. TRADE OR BUSINESS EXPENSES.

    (a) *In general.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

    \* \* \* \* \*

    (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business;

    \* \* \* \* \*

Dodd was employed as a machinist at Standard Oil Company's refinery in El Segundo, California. On March 1, 1963, he was offered employment in the same capacity at Standard's refinery in Pascagoula, Mississippi, but was informed by his employer that all costs in connection with relocating to Pascagoula would be at his own expense except that he would be allowed up to five days' personal leave with pay for time required in travelling to Pascagoula. Standard was then making an effort to recruit employees for the refinery in Pascagoula.[2] Dodd discussed the Pascagoula offer with his supervisor and was advised to accept the offer because the El Segundo refinery was going to be automated and this would bring about a cutback in the manpower necessary for its operation. Believing that his job would be in jeopardy if he rejected the Pascagoula offer Dodd accepted it and the Dodds moved to Pascagoula.

On their 1963 joint income tax return, the Dodds claimed a deduction in the amount of $579.00 for the expenses they incurred in moving from El Segundo, California, to Pascagoula, Mississippi. The Commissioner of Internal Revenue disallowed the claimed deduction and served the Dodds with a notice of deficiency in the amount of $115.80 for the year 1963. The Dodds filed a petition for redetermination of the deficiency in the Tax Court and prevailed. The Commissioner appealed.

The narrow question that we are called upon to decide is whether an employee may deduct unreimbursed moving expenses incurred in 1963. While the Commissioner concedes that the amount deducted by the taxpayers was reasonable, he contends that unreimbursed moving expenses incurred prior to January 1, 1964, are non-deductible "personal, living or family expenses" pursuant to section 262 of the Internal Revenue Code of 1954.[3] We agree.

Congress has delegated to the Commissioner the responsibility of making rules and regulations necessary to effectuate and enforce the tax laws.[4] Modification or change of these rules and regulations must be made by the Congress and the Commissioner, not by the Courts. United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967). Prior to January 1, 1964, the Commissioner interpreted the Code to draw a distinction between reimbursed and unreimbursed moving expenses.[5]

---

2. The recruiting campaign included meetings on company time at which the representatives of Standard discussed the need for employees at the Pascagoula refinery which was then being constructed, the type of work involved at that plant, and the living conditions around Pascagoula. The attendance of employees at these meetings was mandatory. Prior to the transmittal of the offer of employment in Pascagoula, Dodd had never indicated to Standard any interest in the Pascagoula job.

3. Sec. 262 Personal, living, and family expenses
     Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

4. 26 U.S.C.A. § 7805(a)

5. Rev.Rul. 54–429, 1954–2 Cum.Bull. 53 reads, in pertinent part as follows:

\*     \*     \*     \*     \*

Accordingly, it is concluded that (1) amounts received by an employee from his employer representing allowances or reimbursements for moving himself, his immediate family, household goods and personal effects, in case of a transfer in the interest of his employer, from one official station to another for permanent duty, do not represent compensation within the meaning of section 22 (a) [61] of the Code, and are not includible in the gross income of the employee if the total amount of the reimbursement of allowance is expended for such purposes; (2) any excess of the allowances or reimbursements over the actual expenses incurred is includible in the employee's gross income; and (3) *any moving expenses paid or incurred by the employee in excess of the allowances or reimbursements are not deductible for Federal income tax purposes, since they represent personal, liv-*

The Revenue Act of 1964 added section 217 to the Code, 26 U.S.C.A. § 217, which eliminated the distinction previously drawn between reimbursed and unreimbursed moving expenses.[6] The effect of this section was to permit employees to deduct unreimbursed moving expenses from their gross income, but this was expressly limited to expenses incurred *after* December 31, 1963.[7] Therefore the taxpayers' moving expenses are not deductible either as ordinary and necessary business expenses pursuant to section 162(a) or as travel expenses while away from home pursuant to section 162(a)(2). These expenses are non-deductible personal, living or family expenses pursuant to section 262. Commissioner of Internal Revenue v. Mendel, 4 Cir. 1965, 351 F.2d 580.

■ The taxpayers contend that in the circumstances of this case unreimbursed moving expenses should be deductible the same as educational expenses of an employee necessary to hold his job, or treated the same as those instances in which the value of meals and lodging are excluded from the employees' gross income because the employee is required to accept meals and lodging as a condition of his employment.[8] We disagree.

■ All economic and financial benefits received by an employee as compensation from whatever source derived constitute gross income pursuant to section 61(a) of the Code. Deductions, however, are matters of legislative grace. They are allowable only when they are made deductible by statute. McDonald v. Commissioner of Internal Revenue, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68; Ritter v. United States, Ct.Cl. 1968, 393 F.2d 823, 183 Ct.Cl. 875; Commissioner of Internal Revenue v. Mendel, *supra;* United States v. Woodall, 10 Cir. 1958, 255 F.2d 370. The instances that the taxpayer seeks to analogize to this case are specifically made deductible or exempt by the Code and Treasury Regulations.[9] The deduction of unreimbursed moving expenses provided for in the Revenue Act of 1964, was, however, expressly made *prospective* only and is unavailable to taxpayers.

■ The taxpayers argue that it is unfair and inequitable to allow deduction of unreimbursed moving expenses incurred after 1963 but to deny those incurred during or before 1963. The answer is that the tax law is statutory and equitable considerations are inapplicable. Estate of Dupree v. United States, 5 Cir. 1968, 391 F.2d 753; Carlton v. United States, 5 Cir. 1967, 385 F.2d 238. In any event, it would be no less unfair and inequitable to grant the taxpayers

---

ing or family expenses within the meaning of section 24(a) [262] of the code. In any case in which the transfer is made primarily for the benefit of the employee, any allowance or reimbursement received by the employee is includible in his gross income. (emphasis supplied).

6. Pub.L. 88–272, § 213(d)

7. Treasury Regulations § 1.217–1(a) (1) provides:
   (a) Allowance of deduction—(1) In general, Section 217(a) allows a deduction from gross income for moving expenses paid or incurred by the taxpayer during the taxable year in connection with the commencement of work as an employee at a new principal place of work. Except as provided in section 217, no deduction is allowable for any expenses incurred by the taxpayer in connection with moving himself, the

members of his family or household, or household goods and personal effects. The deduction is allowable only for expenses incurred after December 31, 1963, in taxable years ending after such date.

8. This argument finds support in Edward N. Wilson, 49 T.C. 406 (1968) and Willis B. Ferebee, 39 T.C. 801 (1963) (concurring opinion).

9. If for the convenience of the employer he provides the employee with meals or lodging, the value of the meals or lodging may, under certain specified circumstances, be excluded from the employee's gross income pursuant to section 119 of the Code. Expenditures for education necessary to hold a job may be deducted pursuant to section 1.162–5(a) (1) and (2) of the Treasury Regulations, 26 C.F.R., section 1.162–5(a) (1) and (2).

a special benefit not available to other taxpayers who incurred unreimbursed moving expenses prior to or during 1963.

We admire the persuasiveness and perseverance of the taxpayers *pro se*. They presented their case in the Tax Court and here with an advocate's zeal. We are, nevertheless, convinced that the judgment below must be reversed.

Reversed.