WILLIAM HUGHES AND MARY ANN HUGHES, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1170-74.    Filed December 16, 1975.

*H. Grey Goode, Jr., Nick G. Zegrea,* and *Arnold B. Sidman,* for the petitioners.

*Mathew E. Bates,* for the respondent.

OPINION

STERRETT, *Judge:* The respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1971 in the amount of $727.94.

The principal issue presented for our decision is whether section 911(a) [1] precludes petitioners from deducting part of their moving expenses, which otherwise satisfy the requirements of section 217. If we conclude that a portion of the moving expenses is not deductible because it is allocable to income exempt from Federal income tax, then we must decide (1) whether the reimbursement of petitioners' relocation expenses, received in 1971, constitutes earned income within the meaning of section 911(b); (2) whether this reimbursement constitutes domestic or foreign source income applying the source rules of sections 861 and 862; and (3) whether these expenses are to be allocated under the provisions of sections 861 and 862 or section 911(a).

All of the facts are stipulated. The stipulation of facts and supplemental stipulation, together with the exhibits attached thereto, are incorporated herein by this reference. By joint motion of the parties, this case was submitted for decision under Rule 122 of this Court's Rules of Practice and Procedure. The relevant facts are summarized below.

William Hughes (hereinafter petitioner) and Mary Ann Hughes are husband and wife who resided in Somerville, N.J., when the petition was filed in this proceeding. Their joint Federal income tax return for 1971 was filed with the Philadelphia Service Center, Philadelphia, Pa. Mary Ann Hughes is a party to this action only because she joined in this return.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue, unless otherwise indicated.

During the entire taxable year 1971 the petitioner was an employee of Sea-Land Service, Inc., of Elizabeth, N.J. Prior to February 21, 1971, his post of duty as an employee was in the United States. On or about February 21, 1971, he was temporarily assigned by his employer to work in Spain from February 24, 1971, until March 13, 1971, when he returned to the United States. He remained in the United States until April 1, 1971, when he returned to his overseas assignment in Spain. He continued to work in Spain until April 19, 1973, when he was reassigned to the United States.

In 1971 petitioner received a salary of $14,173 from his employer as well as a salary of $8,479 from Sea-Land Iberica, a wholly owned Spanish subsidiary of Sea-Land Service. In that year he also received a moving expense reimbursement of $10,243 from Sea-Land Service and other allowances and reimbursements of $3,106 from Sea-Land Iberica. Petitioners included both reimbursements in their gross income for 1971, and respondent concedes that the reimbursements are earned income within the meaning of section 911(b).

In 1971 petitioner received foreign income of $30,533 of which $17,041.10 was excludable from gross income under section 911(a).

On their joint Federal income tax return for the taxable year 1972 the petitioners reported the receipt of foreign income in the amount of $26,288 of which they excluded $20,000 from gross income under section 911, and reported $6,288 as being subject to Federal income taxation.

For both taxable years 1971 and 1972, based on the amounts shown above, excluded foreign-source income, under section 911, totaled $37,041 and all foreign-source income totaled $56,821.

On his Federal income tax return for 1971 the petitioner deducted $5,653 in moving expenses incurred in moving to Spain. This deduction was computed under section 217 without regard to the provisions of section 911(a). In the statutory notice of deficiency dated September 24, 1973, respondent determined that this claimed deduction must be allocated between exempt and nonexempt income, and that the portion allocable to exempt income must be disallowed under the provisions of section 911(a).

The primary issue before us is whether a portion of petitioner's moving expenses, otherwise deductible under section 217, must

be disallowed because they are "properly allocable to or chargeable against" amounts exempt from taxation under section 911(a),[2] which were earned at the new principal place of employment.

This Court has been confronted with this issue in two prior cases. *Jon F. Hartung,* 55 T.C. 1 (1970); *Richard L. Markus,* T.C. Memo. 1971-313. In both of these cases we held that the taxpayer was entitled to deduct his moving expenses because such expenses were personal family expenses, not disallowed by section 911(a). Both cases were reversed on appeal. *Hartung v. Commissioner,* 484 F. 2d 953 (9th Cir. 1973); *Markus v. Commissioner,* 486 F. 2d 1314 (D.C. Cir. 1973). *Hartung* was reversed per curiam by the Court of Appeals for the Ninth Circuit, which adopted the rationale of a dissenting opinion filed in *Jon F. Hartung, supra* at 5. *Richard L. Markus* was reversed without a written opinion.

This case does not require the application of the rule in *Jack E. Golsen,* 54 T.C. 742 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), since an appeal herein would lie in the Court of Appeals for the Third Circuit which has not yet considered this issue. Having the opportunity to reconsider this question and the opposing arguments, we believe our earlier decisions to be in error and we will no longer follow them. Consequently we sustain respondent's determination.

Petitioner's primary argument is that his moving expenses are deductible in full because they are personal rather than business expenses, and as such they are not "properly allocable to or chargeable against" his income exempted from tax under section 911(a).[3] Petitioner in support of his position points to several elements included in the moving expense deduction which he claims are purely personal.[4] Respondent's answer is that,

---

[2] Sec. 911(a) provides, in relevant part, that:

An individual shall not be allowed, as a deduction from his gross income, any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this subsection.

[3] Sec. 1.911-2(d)(6), Income Tax Regs., provides in part:

However, deductions which are not properly allocable to or chargeable against earned income excluded under paragraph (a) or (b) of this section are deductible in their entirety (subject to specific statutory limitations relating to such items). Examples of such items include personal and family medical expenses, real estate taxes on a personal residence, interest on mortgage on personal residence, and charitable deductions.

[4] Such elements include: (1) The cost of moving the taxpayer's dependents to the job site; (2) the cost of moving household goods of both the taxpayer and his family; (3) after

although petitioner's moving expenses meet the requirements of section 217, the deduction is subject to the allocation provisions of section 911(a).

Before their deductibility was authorized by statute, moving expenses were considered by this Court to be nondeductible personal expenses. *Lloyd G. Jones,* 54 T.C. 734 (1970), affd. 444 F. 2d 508 (5th Cir. 1971). Section 217 now provides for their deductibility but only when they are incurred in connection with the commencement of work at a new principal place of employment. Sec. 217; sec. 1.217-1(a)(2) Income Tax Regs. Such expenses then to be deductible must have a definite relationship to the production of gross income. It is in those situations where the relationship does not exist that moving expenses are purely personal and nondeductible.

We believe that this analysis is supported by the legislative history that accompanied the adoption of section 217. Before the enactment of section 217, an existing employee reimbursed for his moving expenses was not required to include such sum in his gross income because such expenses were considered to have been incurred "in the interest of the employer." The Congress believed that this discriminated against new employees and employees who were not reimbursed. One of the purposes of section 217 then was to equalize this latter group with those employees who were reimbursed. This appears to be a recognition that moving expenses could be incurred in the "interest of the employee" and his trade or business. H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964-1 (Part 2) C.B. 125, 182-185; S. Rept. No. 830, 88th Cong., 2d Sess. (1964), 1964-1 (Part 2) C.B. 505, 575-577.

Here we have an expense that is closely related to petitioner's trade or business and the production of gross income. In *David J. Primuth,* 54 T.C. 374 (1970), we held that an employment fee paid to obtain a job is deemed linked to the earning of income from the new employment. We believe that moving expenses incurred in this situation are comparably related.

Petitioner objects to comparing his situation with that of the taxpayer in *David J. Primuth, supra,* citing the lack of personal

1969, premove travel, meals, and lodging expenses of both the taxpayer and members of his family to search for a new residence in the vicinity of the job site; (4) temporary living expenses presumably for the entire family in the new location prior to moving into permanent quarters; and (5) expenses incurred incident to the sale or exchange of the taxpayer's former residence.

overtones in that case. We believe it to be irrelevant whether portions of the package that Congress has defined as making up the moving expenses deduction do, or do not, have personal overtones. Congress has written that moving expenses are deductible, and it therefore follows that the character of each component has no independent significance.

Section 911(a) itself does not support the distinction urged by the petitioner. Since it specifically excludes from its scope only the section 151 deduction for personal exemptions, it follows that all other amounts otherwise deductible must be disallowed if they are "allocable to or chargeable against amounts excluded" from the taxpayer's income.

In amplification the regulations list several types of deductions that are not allocable to exempt income.[5] It seems apparent from the nature of the items listed that the regulation is concerned with expenses that are not related to income from any source, whether exempt or not. In our view the moving expenses incurred are clearly related to the production of gross income, and consequently are of an entirely different character than those deductions listed.

Furthermore, Congress placed moving expenses in the category of items deductible from gross income to reach adjusted gross income, giving further evidence of their view that such an expense is income-related. Sec. 62(8).[6] If this be not so, such an expense would be allowable only as an itemized deduction similar to the ones listed in the regulation.

Petitioner's next argument is that the reimbursement of his moving expenses, which is includable in gross income under section 82,[7] does not constitute earned income under section 911(b). Under section 911(b) "the term 'earned income' means wages, salaries, or professional fees, and other amounts received as compensation for personal services actually rendered." Since there are no services to which the reimbursement can be

---

[5] See sec. 1.911-2(d)(6), Income Tax Regs., quoted in n. 3 *supra*.

[6] The accompanying committee reports, H. Rept. No. 749, 88th.Cong., 1st Sess. (1963), 1964-1 (Part 2) C.B. 125, 184, and S. Rept. 830, 88th Cong., 2d Sess. (1964), 1964-1 (Part 2) C.B. 505, 576, both note that "these [moving] expenses are substantially similar to business expenses."

[7] SEC. 82. REIMBURSEMENT FOR EXPENSES OF MOVING.
There shall be included in gross income (as compensation for services) any amount received or accrued, directly or indirectly, by an individual as a payment for or reimbursement of expenses of moving from one residence to another residence which is attributable to employment or self-employment.

associated, the petitioner argues that it cannot represent earned income.

We have found that the reimbursement received by the petitioner is attributable to the gross income earned at the new place of employment. Consequently, it is also attributable to the personal services rendered there by him. Further, section 911(c)(5) lists certain items which may not be excluded from gross income under section 911. Amounts includable in gross income under section 82 are not included in that list.

In addition, petitioner as an existing employee of Sea-Land Service would not have been required, under the pre-section 217 law, to have included the reimbursement in his gross income. This would be, as noted previously, in recognition that the reimbursement was made in the employer's interest. We feel confident that the reimbursement was made in return for petitioner's services and that it represents earned income.

Petitioner's next argument is that a portion of the reimbursement does not represent foreign-source income applying the source rules of sections 861 and 862 and therefore is not eligible for exclusion under section 911. This argument is based on his contention that there are no services to which the reimbursement is connected and the services should be deemed to have been incurred where the particular moving expense item was incurred. As stated previously we believe the reimbursement is attributable to the services rendered in the new location and as such it represents foreign source income which is entirely subject to section 911. Sec. 862(a)(3). After all the whole point of the move was that he be about his employer's business in Spain.

Petitioner's final argument is that the moving expenses incurred must be allocated under the provisions of sections 861 and 862, and specifically section 1.861-8, Income Tax Regs., and not section 911. This argument is related to the previous one and is based on his contention that there are no services to which the reimbursement is connected. However, we have found that the moving expenses incurred are properly allocable to the gross income earned at the foreign location and that the rules of section 1.911-2(d)(6), Income Tax Regs., should be applied.

*Decision will be entered under Rule 155.*

Reviewed by the Court.

Dawson, *C.J.,* dissenting: Notwithstanding the reversals by the Courts of Appeals of our prior opinions in *Jon F. Hartung,* 55 T.C. 1 (1970), and *Richard L. Markus,* T.C. Memo. 1971-313, I respectfully dissent from the majority opinion in this case. I would adhere to the position previously taken by this Court. In my judgment a sufficient nexus does not exist between the moving expenses in question and the income subsequently earned by petitioners to warrant the majority's view that they are "closely related to petitioner's trade or business and the production of gross income," and subject to allocation between taxable and tax-exempt income.

Prior to the enactment of section 217 this Court classified moving expenses as nondeductible personal expenses. *Lloyd G. Jones,* 54 T.C. 734 (1970), affd. 444 F. 2d 508 (5th Cir. 1971). Section 217 now permits their deduction if the taxpayer begins work after the move at a "new principal place of work" as long as the move, subsequent employment, and expenses deducted fall within certain guidelines.

The majority concludes that the inclusion by Congress of this postmove employment requirement in section 217 creates an altogether new relationship between moving expenses and income subsequently earned. In *Lloyd G. Jones, supra* at 741, we adopted the position that moving expenses were not ordinary and necessary expenses of a taxpayer's trade or business. Our earlier opinions holding they were business expenses were reversed. See *Wilson v. Commissioner,* 412 F. 2d 314 (6th Cir. 1969), revg. 49 T.C. 406 (1968); *Commissioner v. Dodd,* 410 F. 2d 132 (5th Cir. 1969), revg. a Memorandum Opinion of this Court; *Commissioner v. Mendel,* 351 F. 2d 580 (4th Cir. 1965), revg. 41 T.C. 32 (1963). The Court of Appeals for the Fourth Circuit had stated in *Mendel* at 583 that: "The conclusion is inescapable that such expenditures were 'personal, living or family expenses' of the taxpayer, expressly made non-deductible by §262 of the Code."

Section 217 then was enacted, allowing a deduction for personal expenses theretofore nondeductible. Underlying this deduction's creation was a congressional desire to remove a deterrent to labor mobility, moving expenses, which would in turn assist in reducing local structural unemployment. H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964-1 C.B. (Part 2) 125,

183. Congress, not wanting to allow such a deduction to any taxpayer electing to move, limited this personal expense deduction to those moving for the purpose of living near their new place of employment. The majority finds now, however, that section 217 does more than Congress intended. It finds that moving expenses, regardless of amount, now "have a definite relationship to the production of gross income" and have become "income related" rather than personal by virtue of this section's enactment. Utilizing a sine qua non approach, the majority categorizes these "income related" expenses as either deductible or nondeductible depending upon whether the taxpayer's subsequent earnings are exempt from Federal income tax. Moreover, the majority draws support for its position from the fact that moving expense deductions are taken when computing adjusted gross income rather than as an itemized deduction utilized when computing taxable income.

The relevant cases, the Code sections, the regulations, and the legislative history behind sections 217 and 911 lead me to a contrary conclusion. I think section 217 provides qualifying taxpayers with a deduction for personal expenses which are not related to the income from a trade or business, despite the language in section 217 which conditions its benefits on postmove employment. This language was included only to limit the section's coverage to taxpayers who are a part of the work force after their move. The overriding concern of Congress was to remove a hinderance to labor mobility. This conclusion does nothing to contravene the operation of section 911, which was enacted to promote foreign trade by encouraging American businessmen to venture overseas and sell American-made products. *Cecil A. Donaldson,* 51 T.C. 830, 836 (1969). Any removal of a hinderance to mobility should complement section 911.

The fact that section 217 deductions are taken when computing adjusted gross income does not convince me that they are "income-related." The majority relies upon committee reports stating that "these expenses are substantially similar to business expenses." H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964-1 C.B. (Part 2) 125, 184; S. Rept. No. 830, 88th Cong., 2d Sess. (1964), 1964-1 C.B. (Part 2) 505, 576. The Senate report reveals a more compelling reason underlying this placement:

These expenses, therefore, are deductible whether the individual involved itemizes his personal deductions or takes the standard deduction. This treatment is provided not only because these expenses are substantially similar to business expenses, but also because when they are incurred, they are likely to be relatively large. In such cases, it was thought that it would be undesirable to, in effect, make taxpayers choose between taking this deduction and the standard deduction in lieu of itemized personal deductions. [S. Rept. No. 830, 88th Cong., 2d Sess. (1964), 1964-1 (Part 2) C.B. 505, 576.]

It is my opinion that if Congress intended to characterize moving expenses as business expenses, thus changing the predominant judicial view then in effect, see *Lloyd G. Jones, supra,* it more likely would have stated its intention to do so in the committee reports and included the moving expense deduction under section 62(2), "Trade and Business Deductions of Employees," rather than providing a separate section, section 62(8), "Moving Expense Deduction." Furthermore, Congress included the deduction for moving expenses under part VII, subtitle A, "Additional Itemized Deductions for Individuals" rather than under part VI, "Itemized Deductions for Individuals and Corporations," where trade and business expenses are allowed.

I do not find the majority's analogy to the employment agency fees in *David J. Primuth,* 54 T.C. 374 (1970), to be persuasive. That case is distinguishable from this case because this petitioner is seeking to take a deduction now specifically authorized by statute which formerly was denied in that statute's absence; while in the *Primuth* case we were called upon to decide whether specific expenses fell within the broad, inclusive language of section 162(a) without guidance from Congress. Moreover, in light of the decisions by the Courts of Appeals that moving expenses are personal, I would not extend here our holding in *Primuth.*

It should also be pointed out that under the majority's view similarly situated high- and low-income taxpayers will receive different benefits under section 217. In his reply brief respondent indicated that he will follow Rev. Rul. 75-84, 1975-11 I.R.B. 8, in determining the nondeductible portion of petitioners' moving expenses. Pursuant to that ruling moving expenses are multiplied by a fraction in which the numerator is total exempt income during the taxable and following years and the denominator is total earned income during the same time span. A taxpayer who

never earns more during this period than he may exclude under section 911(a) must bear the burden of all moving expenses, while a taxpayer with large quantities of earned income over and above the exclusion may ease his moving expense burden with tax deductions. Indeed, under this formula the highest bracket taxpayer may deduct the most moving expenses. I would allow all qualifying taxpayers to deduct all of their moving expenses. Although high-bracket taxpayers still would benefit the most, those in the low brackets would not lose all of their deductions. If Congress intended a different result, it should correct the present situation.

Accordingly, I would hold that Mr. Hughes is entitled to deduct *fully* his moving expenses incurred under section 217.

FORRESTER, SCOTT, FAY, GOFFE, HALL, and WILES, *JJ.,* agree with this dissent.

FAY, *J.,* dissenting: To encourage mobility of the American labor force, Congress enacted section 217 to allow a deduction for moving expenses to all employees.

While, in many instances, legislative history is sparse, we are here concerned with a statute whose history is replete with indications of congressional purpose. The origins and development of section 217 indicate that equality of treatment among taxpayers has been an important congressional consideration. In originally enacting section 217 in 1964, Congress sought to introduce parity among employees who were reimbursed for their moving expenses and those who were not, particularly among old employees transferred to new locations and new employees beginning new jobs. H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964-1 C.B. (Part 2) 125, 183.

Congress further emphasized the firmness of their desire for equal treatment regarding this expense in allowing the expense as a deduction in arriving at adjusted gross income. S. Rept. No. 830, 88th Cong., 2d Sess. (1964), 1964-1 C.B. (Part 2) 505, 576. Still dissatisfied with the disparity of treatment, Congress amended the statute in 1969 to include self-employed taxpayers.

The decision of the majority not only has the effect of countermanding incentives to mobility provided by Congress in enacting section 217, but also tends to infringe on more important considerations.

The majority's holding introduces new elements of discrimination between those members of the American labor force employed in the United States and those members employed abroad. Moreover, as pointed out by Judge Dawson, the majority approach would tend to favor high-income taxpayers, something Congress specifically sought to avoid. Additionally, it would work undue hardship on American employers conducting business abroad; employees may be unwilling to accept overseas transfers unless reimbursed by their employers. It may also result in delaying moves until later in the year.[1] Such notions inhibiting foreign travel by American labor are clearly contrary to the purposes of section 911, which was enacted to place American business abroad on an equal footing with foreign competitors.[2] Seidman, Legislative History of Federal Income Tax Laws 1938-1861, pp. 472, 596-597; Seidman, Legislative History of Federal Income and Excess Profits Tax Laws 1953-1939, pp. 1755, 1759.

In enacting each of these sections Congress was seeking to encourage a particular activity. A taxpayer pursuing these activities should not be denied the benefit of both sections.

DAWSON, FORRESTER, and GOFFE, *JJ.,* agree with this dissent.

---

[1] Respondent has issued Rev. Rul. 75-84, 1975-11 I.R.B. 8, in an apparent attempt to preclude any disincentive against moving early in the year. This ruling allocates moving expenses incurred in one year against tax exempt income earned in the next year in what appears to be an unjustified erosion of the cash basis method of accounting. See sec. 1.217-2(a)(2), Income Tax Regs.

[2] Congress has declined to repeal sec. 911 on several occasions. See *Ivor Cornman,* 63 T.C. 653, 660 (1975); sec. 311, H.R. 17488, 93d Cong., 2d Sess. 123.