MELVIN PAINTER and ALICE PAINTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Painter v. Commissioner
Docket No. 7600-74.
United States Tax Court
T.C. Memo 1976-164; 1976 Tax Ct. Memo LEXIS 243; 35 T.C.M. (CCH) 731; T.C.M. (RIA) 760164; May 24, 1976, Filed Melvin Painter and Alice Painter, pro se. Harris J. Belinkie, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $1,645.30 in petitioners' Federal income tax for 1971. The only issue is whether expenses of $7,447.93 which petitioners incurred in connection with moving from the United States to Israel, and which they deducted on their 1971 return, were "properly allocable to or chargeable against amounts excluded from gross income" under section 911(a) [1] and, therefore, nondeductible. *245 A letter received from the petitioners by the Court on November 26, 1975, was filed December 1, 1975 as an "Agreement to Submit Case under Rule 122," in which respondent concurred. We find as facts and incorporate herein by this reference the matters stipulated by the parties. Petitioners are husband and wife. They resided in Jerusalem, Israel, at the time their petition was filed. Their 1971 income tax return was filed with the office of the Internal Revenue Service in Philadelphia, Pennsylvania. Petitioners are United States citizens and resided in the United States until August 30, 1971, when they left the United States for Israel. They have lived in Israel from August 31, 1971 to the present. Petitioners incurred expenses of $7,447.93 in connection with their move to Israel. On their return they reported all of their 1971 income, including amounts earned in Israel (amounting to $326.81), and claimed a moving expense deduction under section 217(a). [2] Petitioners did not receive any reimbursement of their moving expenses at any time. Respondent's notice of deficiency is predicated upon the exclusion from gross income under section 911 of the amounts earned *246 in Israel and the disallowance of the moving expenses. Petitioners were bona fide residents of Israel for an uninterrupted period including the entire taxable year 1972. They were physically present in Israel for at least 510 days during the 18-month period beginning August 31, 1971. In a recently decided case ( William Hughes,65 T.C. 566 (1975)), we held that section 911(a) operated to prevent the deduction of moving expenses linked to the earning of income abroad which was exempt from taxation. [3] In so holding, we acceded to the reversal of two of our decisions in which we had allowed the deduction despite the existence of such linkage. Jon F. Hartung,55 T.C. 1 (1970), revd. per curiam 484 F.2d 953 (9th Cir. 1973); Richard L. Markus,T.C. Memo. 1971-313, revd. without opinion 486 F.2d 1314 (D.C. Cir. 1973). *247 Petitioners seek to avoid the impact of Hughes and the reversals of our prior decisions on the ground that, at the time their 1971 return was filed, existing law (as evidenced by our opinion in Hartung) permitted the deduction of their moving expenses; that respondent granted them the refund of the over-payment shown on their return as filed; and that such treatment should not be revoked on the basis of a later judicial decision. Leaving aside any question arising from the absence of proof in the record before us that petitioners, in fact, relied upon our opinion (see Of Course, Inc. v. Commissioner,499 F.2d 754, 759 (4th Cir. 1974); United States v. Cocke,399 F.2d 433, 454 (5th Cir. 1968) (opinion concurring in part and dissenting in part)), their argument must be rejected. The decided cases clearly establish that in the area of Federal income taxation overruling decisions are ordinarily applied retroactively. *248 United States v. Estate of Donnelly,397 U.S. 286 (1970); United States v. Cocke,399 F.2d at 450-452. This inhibition against limiting judicial action to prospective application even extends to a situation where respondent has acquiesced in a prior decision. Dixon v. United States,381 U.S. 68, 75-76 (1965); Arnold A. Schwartz,40 T.C. 191 (1963). And in a case where a Board of Tax Appeals decision favoring the taxpayer on a particular issue was entered prior to the events under consideration, the Supreme Court held that a change in applicable legal principles permitted the Government to prevail on the same issue in a later case even against the same taxpayer. Commissioner v. Sunnen,333 U.S. 591 (1948). In view of the foregoing, there is no doubt but that William Hughes,supra, and the reversals of our prior decisions in Hartung and Markus apply to the instant case. [4]
*249 In a related vein, petitioners are not aided by the facts that respondent did not disclose the rule against deduction of these expenses in publications available to them or that he accepted their 1971 return and granted them a refund. Respondent is not bound by errors or omissions in his own publications. Thomas J. Green, Jr.,59 T.C. 456, 458 (1972). Moreover, the tentative allowance of a refund on the basis of the return as filed is a matter of convenience to the taxpayer, and does not bar a subsequent determination that the refund was erroneously granted. Clark v. Commissioner,158 F.2d 851 (6th Cir. 1946), affg. per curiam 5 T.C.M. 236 (1946); Rendell Owens,50 T.C. 577, 583 (1968). Petitioners also argue that the materials provided by respondent expressed the exclusion of amounts earned abroad from gross income under section 911 in permissive rather than mandatory terms. They claim, in effect, that they elected to include all of their income on their 1971 return and should, therefore, be allowed the section 217 deduction. [5] In fact, the inclusion of Israel-source earned income was proper, since they had not *250 yet met the durational requirements of section 911(a). Section 1.911-2(e)(1), Income Tax Regs. From a technical point of view, their claim for a deduction under section 217(d) may, therefore, have been proper when taken, but would be required to be corrected at a later date. [6] However, it is now clear that they have satisfied the conditions of section 911(a), and as a consequence the statute requires that their income from services performed in Israel"shallnot be included in gross income and shall be exempt from taxation." (Emphasis added.) See Anne Moen Bullitt Brewster,55 T.C. 251, 253-254 (1970), affd. per curiam 473 F.2d 160 (D.C. Cir. 1972). This language is mandatory; petitioners must accept both the benefits and the burdens of section 911. Under these circumstances, respondent's retrospective disallowance of the moving expense deduction, together with his allowance of the section 911 exemption for income earned in Israel during the taxable year, was proper. William Hughes,supra.See Rev. Rul. 75-85, 1975-1 C.B. 239. *251 Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. Section 911(a) provides, in pertinent part: SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES. (a) General Rule.--The following items shall not be included in gross income and shall be exempt from taxation under this subtitle: (1) Bona fide resident of foreign country.--In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period. * * * (2) Presence in foreign country for 17 months.--In the case of an individual citizen of the United States who during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such 18-month period. * * * An individual shall not be allowed, as a deduction from his gross income, any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this subsection.↩
2. SEC. 217. MOVING EXPENSES. (a) Deduction Allowed -- There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work.↩
3. Cf. Alberto Roque,65 T.C. 920↩ (1976), in which we upheld respondent's disallowance of expenses of moving to Puerto Rico where the taxpayer earned income exempt from United States taxation under Sec. 933(1).
4. We also note that since, under Sec. 7482(b)(1), an appeal in this case would lie to the Circuit Court of Appeals for the District of Columbia, we are bound by the decision of that Court in Richard L. Markus,486 F.2d 1314 (D.C. Cir. 1973), revg. without opinion T.C. Memo. 1971-313. See Jack E. Golsen,54 T.C. 742 (1970), affd. on the substantive issue, 445 F.2d 985↩ (10th Cir. 1971).
5. The record shows that petitioners received Israel-source earned income of $3,394.99 during the taxable year 1972 and $6,338.34 during the period October 1, 1971 to March 31, 1973, but does not show whether petitioners excluded any such income under Sec. 911 in the later years. ↩
6. Cf. Jeanette Karp,T.C. Memo. 1976-91↩, n.2.