Ernest L. **MERLINO** and Lieselotte M.
Merlino, Appellants,

v.

**COMMISSIONER OF INTERNAL
REVENUE, Appellee.**

No. 80–7591.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 1981.

Decided Oct. 30, 1981.

Ernest & Lieselotte Merlino, pro se.

John F. Murray, Acting Asst. Atty. Gen.,
Washington, D.C., for appellee.

Before BROWNING and WRIGHT, Circuit Judges, and WEIGEL,* District Judge.

PER CURIAM.

The Merlinos claimed a moving expense deduction of $2,901 after retiring and returning to Seattle from Germany. Because they lived in an apartment awaiting completion of a new home, Mr. Merlino did not work for at least 39 weeks in the 12-month period following their arrival. The Commissioner concluded that I.R.C. § 217(c)(2) prohibited the moving expense deduction and assessed a deficiency. The Tax Court upheld the Commissioner's ruling.

On appeal, the appellants renew their arguments to the Tax Court: (1) the 12-

---

* Of the Northern District of California.

month, 39-week work requirement should not have begun to run until they had moved into their new residence, at which time Mr. Merlino's self-employment would have satisfied the work requirement; (2) because Mr. Merlino was a civilian employee of the military before retirement, the I.R.C. § 217(g) provision exempting members of the Armed Forces from the work requirement should apply; and, (3) section 217(i), which allows a deduction for moving expenses incurred by a retiree who worked abroad and upon retirement returns to the United States, should apply retroactively to them.

We do not overturn a Tax Court decision absent a clear mistake of law. *Cruttenden v. Commissioner*, 644 F.2d 1368, 1374 (9th Cir. 1981). The taxpayer carries the burden of showing that he comes within the provisions of a specific deduction. *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934).

Section 1.217–2(b)(4) of the Treasury Regulations answers the first argument. It defines the date of arrival as the day the taxpayer secures even temporary lodging at the new place of residence.

This regulation is entitled to respect and will not be overturned unless unreasonable and plainly inconsistent with the statute. *Lindemood v. Commissioner*, 566 F.2d 646, 649 (9th Cir. 1977); *Rohde v. United States*, 415 F.2d 695, 698 (9th Cir. 1969). The regulation is reasonable and consistent with the statute.

The military exception of I.R.C. § 217(g) applies only to military personnel on active duty and not to civilian employees. *See* H.R. Rep. No. 94–658, 94th Cong., 2d Sess. 156, *reprinted in* [1976] U.S. Code Cong. & Ad. News 2897, 3049.

Section 217(i) is prospective only. Equitable considerations are inapplicable. *See Commissioner v. Dodd*, 410 F.2d 132, 134 (5th Cir. 1959).

The Merlinos have not shown that they meet the requirements for claiming the moving expense deduction.

AFFIRMED.