EUGENE K. MORLEY AND JOYCE C. MORLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morley v. Commissioner
Docket No. 15663-80.
United States Tax Court
T.C. Memo 1982-586; 1982 Tax Ct. Memo LEXIS 159; 44 T.C.M. (CCH) 1337; T.C.M. (RIA) 82586; October 5, 1982. Eugene K. Morley, pro se. Alan I. Weinberg, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1976 which the parties have stipulated to be in the amount of $4,567.15. The only question before this Court is whether the section 217 [1] moving expense deduction claimed by petitioners for the taxable year 1976 must be disallowed because it is properly allocable to tax exempt income within the meaning of section 911. The facts of this case have been fully stipulated. The stipulation of facts and stipulated exhibits are incorporated herein by this reference. Petitioners, husband and wife, resided in Winston-Salem, North Carolina, when they filed their petition in this case. They filed their joint Federal income tax return for the taxable year 1976 with the Internal Revenue Service Center, Philadelphia, *161 Pennsylvania. Petitioner Eugene K. Morley was employed from January 1 through May 15, 1976, by Northern Commercial Company (Northern) of Seattle, Washington, and was paid by Northern a total of $39,185.07 for salary and bonus for this period. Petitioners were residents of Bellevue, Washington, during petitioner's employment by Northern. (Hereinafter, petitioner in the singular will refer to petitioner Eugene K. Morley. Petitioner Joyce C. Morley is a party herein solely by reason of filing joint Federal income tax returns with petitioner.) On July 3, 1976, petitioner moved with his wife and three children from Bellevue, Washington, to Divonne-les-Bains, France. In making this move to France, petitioner paid moving expenses of $14,268.20 for which he was not reimbursed. Petitioner was empoloyed from September 1, 1976, until December 31, 1978, by Liberia Tractor & Equipment Company (Liberia), Monrovia, Liberia. Petitioner received earnings of $7,000 from Liberia during 1976, all of which were excludable from gross income under section 911(a)(1). During calendar year 1977, petitioner was paid $21,000 by Liberia, $20,000 of which was also excludable from gross income under *162 section 911(a)(1). Petitioners deducted the full amount of their moving expenses on their 1976 tax return without regard to the allocation provisions of section 911. The Commissioner, in his statutory notice of deficiency, disallowed all but $509.58 of the moving expense deduction on the ground that section 911 (as applicable to the period in question) required allocation of the expense between exempt and non-exempt income and that the portion allocable to exempt income must be disallowed under this provision. The Commissioner computed petitioner's allowable moving expense deduction as follows: Excludable Foreign Earnings X Moving Expense/
Total Foreign Earnings
$7,000 + $20,000/ X 14,268.20 = $13,758.62
$28,000
Moving Expenses claimed
$14,268.20
Non-deductible portion
13,758.62
$ 509.58
The sole issue for decision is whether moving expenses, otherwise deductible under section 217, must be disallowed because they are subject to the allocation provisions of section 911. Petitioners have the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Section 217 of the Code allows *163 a deduction for moving expenses paid or incurred during the taxable year in connection with the commencement of work by a taxpayer as an employee or as a self-employed individual at a new principal place of work. For 1976, the taxable year in question, section 911(a) of the Code allowed a qualified individual United States citizen employed abroad to exclude from gross income certain amounts of earned income attributable to services performed during that period. The amount of excludable foreign-source earnings was generally limited to $20,000. [2] Section 911(a), however, placed certain limitations on deductions, otherwise allowable, which were allocable to the excludable income. The relevant portion of the section provides that: [2]
An individual shall not be allowed, as a deduction from his gross income, any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this subsection. Section 1.911-2(d)(6), Income Tax Regs., applicable to the taxable year 1976, provided the following method *164 of allocation to determine the disallowed portion of an expense: [3]
If the earned income excludable under paragraph (a) or (b) of this section (determined without regard to the applicable $20,000 or $35,000 limitation) exceeds the earned income excludable under paragraph (a) or (b) of this section, the amount disallowed as a deduction shall be limited to an amount which bears the same ratio to the total of such items properly allocable to or chargeable against such earned income so excludable (determined without regard to the applicable $20,000 or $35,000 limitation) as the amount excluded from gross income under paragraph (a) or (b) of this section bears to such earned income (determined without regard to the applicable $20,000 or $35,000 limitation). In other words, when actual foreign income exceeded the allowable exclusion, the amount of the deduction disallowed was equal to the ratio of excluded earnings (the numerator) to total foreign-source earnings (the denominator). [4]
*165 Petitioner argues that his position on the deductibility of moving expenses is supported by Commissioner v. Mendel,351 F.2d 580 (4th Cir. 1965), revg. 41 T.C. 32 (1963), thus requiring the application of the rule in Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Under the rule of Golsen we will follow the decision of a United States Court of Appeals to which a case before us is appealable and which is squarely on point with our case. We held in Mendel that moving expenses were deductible as ordinary and necessary business expenses. The Court of Appeals, in reversing, held that their deductibility was not enumerated in the Code and they were, therefore, personal expenses and nondeductible under section 262. Subsequent to the decision in Mendel, Congress enacted section 217 which specifically allowed moving expenses as a deduction from gross income. The issue before us in the instant case is the relationship between sections 217 and 911(a). The rationale of the Court of Appeals in Mendel was based upon the absence of a specific provision allowing moving expenses; therefore, *166 the enactment of section 217 precludes application of the rule in Golsen,supra, to the Mendel decision. Petitioner further argues that his moving expenses are deductible in full because they are inherently personal in nature rather than business expenses and, as such, are not "properly allocable to or chargeable against" his income exempted from tax under section 911(a). Instead, petitioner urges that his moving expenses fall within the parenthetical language of section 911(a) and are therefore excepted from the allocation provision under the personal exemption exclusion. In support of his position, petitioner contends that section 217 authorizes the deduction of personal living expenses for qualifying taxpayers and that the enactment of section 217 did not alter their character from personal to business. Respondent maintains that the allocation must be made. We first considered this issue in Hartung v. Commissioner,55 T.C. 1 (1970), revd. 484 F.2d 953 (9th Cir. 1973), and held that the "enactment of section 217 was a decision by Congress to allow a deduction for moving expenses even though they are personal living *167 expenses. As such they should be treated in the same manner as other personal expenses, no portion being allocable or chargeable to income." 55 T.C. at 4. [5]
After our decision in Hartung was reversed, we reconsidered the issue in Hughes v. Commissioner,65 T.C. 566 (1975), and rejected our original position. We must, therefore, hold for the respondent on the basis of this authority. In 1978, Congress clarified the problem before us and specifically exempted moving expenses from the allocation provision [6] applicable to taxable years beginning after December 31, 1977. While the amendments to sections 217 and 911 by Congress corroborates our original view as the preferred interpretation, Congress did not choose to make the change retroactive. [7] Our decision herein is controlled by Hughes. Accordingly, we hold for respondent on this issue. *168 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Sec. 911(c)(1)(A) as in effect at the end of calendar year 1975.↩
3. This allocation formula is now found in sec. 1.911-5(a), Income Tax Regs.↩
4. Petitioner's period of qualification spanned two taxable years. Therefore, his moving expenses are allocable to both years' sec. 911 income. Hempel v. Commissioner, a Memorandum Opinion of this Court dated June 23, 1947, and Brewster v. Commissioner,473 F.2d 160, 163 (D.C. Cir. 1972), affg. 55 T.C. 251↩ (1970).
5. See also Markus v. Commissioner,T.C. Memo. 1971-313, revd. without opinion 486 F.2d 1314↩ (D.C. Cir. 1973).
6. Tax Treatment Extension Act of 1977, Pub.L. 95-615, 92 Stat. 3097, 3099. ↩
7. The 1978 amendment follows the dissent in Hughes v. Commissioner,65 T.C. 566↩ (1975), and accomplishes precisely what petitioner argues, the statutory removal of any hinderance to employee mobility.