JAGDISH AND SAROJ NARAIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Narain v. Commissioner
Docket No. 22367-80.
United States Tax Court
T.C. Memo 1983-701; 1983 Tax Ct. Memo LEXIS 86; 47 T.C.M. (CCH) 402; T.C.M. (RIA) 83701; November 28, 1983. Jagdish Narain, pro se. Donald Rightnour, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge Helen A. Buckley, pursuant to the provisions of section 7456(c) and (d), [1] General Order No. 8 (81 T.C. VII) (July 1983) and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts her opinion which is set forth below. *89 OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: Respondent determined a deficiency of $5,522.78 in petitioners' 1977 Federal income tax. After concessions by both petitioners and respondent, the remaining issues for decision are (1) whether petitioners are entitled to a deduction under section 217 for moving expenses, (2) whether petitioners are entitled to a deduction under section 165 for a theft loss, (3) whether petitioners are entitled to deduct miscellaneous business deductions under sections 162 and 274, (4) whether petitioners are entitled to deduct job and house hunting expenses under sections 162 and 217, and (5) whether petitioners are entitled to a dependency deduction under section 151 for petitioners' nephew. To the extent stipulated, the facts are so found. Both petitioners resided in Roorkee, India, at the time the petition in the matter was filed. Petitioners were resident aliens of the United States for part of the taxable year 1977 and nonresident aliens for the remainder of that year. In September of 1977, petitioners moved to India so that Jagdish Narain could accept a position with the University of Roorkee. During this move, *90 they incurred moving expenses in the amount of $9,604. We have previously held that where moving expenses are incurred in connection with the receipt of income which is exempt from Federal income taxes, such expenses are not deductible. Thus, in Hughes v. Commissioner,65 T.C. 566 (1975), where taxpayers incurred moving expenses which concededly satisfied the requirements of section 217, the deduction was not allowed to the extent it was allocable to income exempted from tax under section 911(a) of the Code. See also, Markus v. Commissioner,486 F.2d 1314 (D.C. Cir. 1973), revg. T.C. Memo 1971-313, and Hartung v. Commissioner,484 F.2d 953 (9th Cir. 1973), revg. 55 T.C. 1 (1970). [3]
Petitioners, while in this country as resident aliens were taxed, under section 861, on the *91 income earned here. However, once they returned to India, compensation for personal services in India was outside the scope of our taxing statutes. Secs. 862 and 872. To the extent that the income realized in India was exempt from Federal taxation, section 862(b) provides that expenses allocable to sources outside the United States must be deducted from that income. Section 862(b) is similar to the provisions of section 911 considered in Hughes v. Commissioner,supra, and we feel that the same result should flow from each section. Therefore, since petitioners' moving expenses to India are related to income earned there, income which is not includable in petitioners' gross United States income, the moving expenses incurred are allocable to such income and are not deductible. We have, in Hughes and in Roque v. Commissioner,65 T.C. 920 (1976), held that there is a sufficient nexus between moving expenses and subsequently earned income to justify a finding that moving expenses are properly allocable to such income. [4] Since petitioners' income following the move to India was not taxable by the United States, the moving expenses related *92 to that income are not deductible. Petitioners deducted $650 on their 1977 income tax return as a theft loss. Section 165 allows a deduction for personal theft losses limited to the amount in excess of $100. To prevail, petitioners must establish that a theft occurred and the cost basis and value of the property stolen. The record shows that a carton belonging to Mr. Narain was stolen while being transported from petitioners' home to the Asia Shipping and Packing firm's offices for shipment to India; that the stolen items were mostly new and worth $750; the carton contained woolen coats and blankets which had been purchased to take back to India; and that petitioners filed a police report with the New York City police department concerning the theft. Petitioners were unable to supply any supporting documentation as to the cost and fair market value of the items stolen because of an extensive fire in their home in India which destroyed the bulk of their records. We found Mr. Narain's testimony to be credible, both as to the *93 cost and nature of the goods stolen, as well as to the detail regarding the fire. Under the rule in Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), the Court may make an approximation as to expenses bearing heavily on the taxpayer whose inexactitude is of his own making. We note that the absence of accurate supporting records due to the fire at petitioners' home was beyond petitioners' control. [5] Based on the entire record, petitioners are allowed a deduction for theft losses in the amount of $550. This figure takes into account the $100 floor and the fact that some of the items were not new and their cost is not an accurate means of determining their value. Petitioners deducted $2,167 for miscellaneous business expenses, all of which respondent has disallowed. The petitioners conceded that the $800 deduction for a hairpiece is not allowable, however, the balance is still in dispute. Petitioners expended $120 as membership fees in various engineering societies. Petitioner was an engineer and his *94 membership fees in professional societies are an allowable deduction under section 162 and we so conclude. Petitioners took a deduction for business entertainment, in the amount of $122, which petitioner testified was for lunches and dinners with professional colleagues. He further testified that his employer would have reimbursed him for these expenses. Entertainment expenses are deductible if they constitute ordinary and necessary expenses incurred in operation of a business regularly carried on by the taxpayer. Petitioer's performance of services as an employee constitutes a trade or business, therefore, deductions for entertainment are appropriate if they meet the ordinary and necessary test. Where, however, petitioner could have been reimbursed by his employer for such expenses, the expenses are not ordinary and necessary expenses of the employee. Stolk v. Commissioner,40 T.C. 345 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964); Noland v. Commissioner,269 F.2d 108 (4th Cir. 1959), affg. a Memorandum Opinion of this Court, cert. denied 361 U.S. 885 (1959); Podems v. Commissioner,24 T.C. 21 (1955). *95 Because petitioner's employer would have reimbursed him for the entertainment expenses, they are not his ordinary and necessary expenses and he may not deduct them. Therefore, the $122 deduction for business entertainment is not allowed. A deduction of $580 was taken by petitioners for professional books and equipment. This amount was spent for a calculator and additions to petitioner's technical library. Section 162 allows professional expense deductions for amounts currently paid or accrued for books or professional equipment, the useful life of which is short. Sec. 1.162-6, Income Tax Regs. However, bound volumes of a more permanent value and equipment with a longer useful life are regarded as nondeductible capital additions and, therefore, subject to depreciation. The items expensed by petitioners have more than a short useful life and, therefore, the cost may not be deducted as a professional expense. We find that the expenditures were in fact made, but they are capital in nature and should be recovered through a depreciation deduction. While the expense will not be allowed, an offsetting depreciation deduction based upon our determination of a four-year useful life will *96 be allowed. Cohan v. Commissioner, supra.
The sum of $540 was deducted on petitioners' income tax return for job and house hunting expenses. Petitioner testified that he was seeking employment away from New York City and that he and his wife traveled to various adjoining cities by automobile to meet prospective employers and to look at possible homes to purchase. Petitioners were unable to estimate the amount of the expense incurred for job hunting as compared to house hunting. Petitioner testified that sometimes he would interview for a job while his wife and children would house hunt. Expenses for seeking employment in the taxpayer's field are deductible under section 162 as an expense of one's trade or business. Section 217 allows house hunting expenses but only if incurred after new employment is obtained. Sec. 217(b)(1)(c). In petitioners' case, the house hunting was not connected with beginning a new job, therefore, expenses related to this search are not allowable under section 217. Even though petitioners were unable to estimate how much of their expenses were for allowable job hunting, it is clear that some local transportation expenses were incurred *97 and that they were deductible and applying the rule of Cohan v. Commissioner,supra, a deduction of $250 for local transportation expenses incurred in seeking employment will be allowed. The petitioners took a dependency deduction for Uday Chandra, their nephew. Mr. Chandra was a student in the United States and petitioners were the only contributors to his support while he was here. They paid his full support while petitioners were still in the United States and the petitioners left money for their nephew's support after they left. We believe petitioners supplied more than one-half of their nephew's support during the year. Accordingly, they will be allowed the dependency deduction under section 151. [6]
In order to give effect to the foregoing, Decision will be entered under *98 Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect during the taxable year in issue, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. At one time, this Court held that moving expenses were deductible personal family expenses and, therefore, unrelated to any specific income so that the question of whether income after the move was exempt or not was irrelevant. We have since rejected that view. Hughes v. Commissioner,65 T.C. 566↩ (1975).
4. Roque↩ concerned moving expenses allocable to the earning of income in Puerto Rico, exempt from Federal taxation under the provisions of sec. 933.
5. It is not necessary to consider the admissibility of the ex parte affidavits because petitioner's testimony concerning the fire is completely credible.↩
6. Respondent's sole argument in regard to the dependency deduction has been that petitioners did not supply more than one-half of their nephew's support during the year. Accordingly, we consider that the respondent has conceded that the nephew falls within the section 152(a) definition of a dependent, assuming satisfaction of the support requirement. See sec. 152(b)(3).↩