John W. D. COLLINS and Margaret W. Collins

v.

The UNITED STATES.

No. 477–56.

United States Court of Claims.

March 7, 1962.

nal Revenue Code of 1939, 26 U.S.C. § 251 (1952 Ed.), and the comparable Section 931(i) of the Internal Revenue Code of 1954, 26 U.S.C. § 931 (1958 Ed.), contravene the due process clause of the Fifth Amendment to the Constitution, because they deny employees of the United States or its agencies an exemption from Federal income taxes when employed in possessions of the United States, by providing that income of Federal employees shall "be deemed to be derived from sources within the United States." Plaintiffs were employed by agencies of the United States located in an area within the legislative power of the United States. Therefore, the income was "derived from sources within the United States" and we hold it within the taxing power of the Congress. Plaintiffs are therefore not entitled to recover and their petition, as amended, will be dismissed.

It is so ordered.

Robert H. McNeile, Washington, D. C., for plaintiffs. R. G. de Quevedo, Washington, D. C., was on the brief.

Jerry M. Hamovit, Washington, D. C., with whom was Asst. Atty. Gen. Louis F. Oberdorfer for defendant. Lyle M. Turner and Philip R. Miller, Washington, D. C., were on the brief.

PER CURIAM.

This is a suit for the recovery of income taxes deducted for the years 1951 through 1954 from the salaries of plaintiffs, husband and wife, who are citizens of the United States and were employed by various agencies of the United States Government while residing in the Republic of Panama in 1951 and 1952 and the Canal Zone in 1953 and 1954. The question involved is whether Section 251(j) of the Inter-