Lee M. Prusia v. Commissioner.
Prusia v. Commissioner
Docket No. 1870-68.
United States Tax Court
T.C. Memo 1969-148; 1969 Tax Ct. Memo LEXIS 148; 28 T.C.M. (CCH) 753; T.C.M. (RIA) 69148; July 8, 1969. Filed Lee M. Prusia, pro se, 550 Central Ave., Alameda, Calif. Jeffrey E. Boly, for the respondent. 754 DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined deficiencies of $2,874.87 and $2,179.10 in petitioner's Federal income taxes for the years 1964 and 1965, respectively. The only issue for decision is whether petitioner, a civil service employee of the Navy Department, may exclude *149 from gross income compensation received while employed in Vietnam. Findings of Fact Some of the facts have been stipulated and are found accordingly. Lee M. Prusia (herein referred to as petitioner) was a legal resident of Alameda, California, at the time the petition herein was filed. His 1964 and 1965 Federal income tax returns were filed with the district director of internal revenue at San Francisco, California. Petitioner is a civil service employee of the Department of the Navy. Prior to September 1963, he was employed at the Naval Supply Center, Alameda, California, at a grade GS-9. At that time his request was granted to be transferred to Headquarters Support Activity, Saigon, Vietnam, as supervisory shipping and receiving officer at a grade GS-11. He was employed in such capacity until September 1965, during which time he was entitled to the normal civil service benefits such as annual vacation leave, sick leave and retirement and disability benefits. He was housed at the bachelor officers' quarters in Saigon. He received a quarters allowance of $240 per month which was applied in full payment of his housing. He received a foreign post pay differential of 25 percent. *150 While employed in Vietnam, petitioner spent about 80 percent of his time in Saigon. The remaining 20 percent was spent in biweekly trips to Nha Trang, Qui Nhon, Danang, Pleiku, Dalat and areas surrounding these cities. While in Vietnam, petitioner carried an identification card which classified him a "civilian noncombatant serving with the Armed Forces of the United States" and which provided that in the event of enemy detention, he was entitled to the same treatment as a member of the Navy with the rank warrant officer through lieutenant. In September 1965, petitioner returned to the Naval Supply Center, Alameda, California, as a traffic management specialist at a grade GS-10. Petitioner excluded the $12,403.66 he earned while working in Vietnam in 1964 from income on his 1964 Federal income tax return as "Wages Earned While Abroad." He likewise excluded the $9,651.65 earned while working in Vietnam in 1965 as "Wages Earned While in a Combat Zone." In the statutory notice of deficiency respondent included these amounts in petitioner's gross income, resulting in the deficiencies here in issue. Opinion Petitioner vigorously argues that his "quasi-military" status in a combat *151 zone during the years 1964 and 1965 qualifies him for the exclusion of section 112, Internal Revenue Code of 1954. [1] Alternatively, he argues that he should qualify for the exclusion of section 911. [2] He contends that the 755 exception from the provisions of that section of "amounts paid by the United States or any agency thereof" unconstitutionally "abrogates [his] rights as a citizen of the United States to equal treatment." The basic premise underlying his alternative contentions is that a citizen of the United States should not be liable for an income tax when he is not present in this country to receive the concomitant services rendered by the government. Respondent's position is that the compensation in question is includable in petitioner's "gross income" because it is not excluded under a literal reading of any section of the Internal Revenue Code. *152 The record is clear that petitioner received the compensation as a civil service employee, not as a "member below the grade of commissioned officer * * * [or] as a commissioned officer in the Armed Forces of the United States." The fact that he was assigned to a branch of the military and received some minor trappings of military status is insufficient to bring him within the terms of the exclusion. Commissioner v. Connelly, 338 U.S. 258 (1949). No doubt Congress is aware of the danger to which civil service employees in combat zones are subjected, yet it has not granted to them the benefit of the exclusion under section 112. This Court certainly has no power to do so. Petitioner's argument that the exception of amounts paid by the United States from the exclusion provisions of section 911 is constitutionally impermissible is totally without merit. It has been reaffirmed many times that "Congress has great latitude in formulating classifications within a taxing statute." William E. Palmer, 52 T.C. No. 36 (May 26, 1969); Abney v. Campbell, 206 F. 2d 836 (C.A. 5, 1953). Section 911 "was intended to help our foreign trade and to put Americans *153 who worked abroad in a position of equality with their competitors by leaving them subject only to the income tax levied on them by the country where they were employed." Commissioner v. Wolfe, 361 F. 2d 62, 66 (C.A.D.C., 1966). The exemption was not granted to employees of the United States "who, because of their status as such, were usually exempt from any foreign tax upon their compensation received from the United States." S. Rept. No. 665, to accompany H.R. 10236, 72d Cong., 1st Sess., p. 31 (1932). We view the exception to the provisions of section 911 as a proper exercise of Congressional discretion and we hold that it is not so arbitrary as to amount to a confiscation of property. See Collins v. United States, 299 F. 2d 949 (Ct. Cls. 1962), certiorari denied 371 U.S. 827 (1962); and cf. Brushaber v. Union P.R. Co., 240 U.S. 1 (1916). As to petitioner's underlying premise, suffice it to say that during the years 1964 and 1965 he possessed all the rights and privileges of a citizen of the United States and was adequately paid for the services he rendered to his Government. Accordingly, we sustain respondent's determination. *154 Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated. SEC. 112. CERTAIN COMBAT PAY OF MEMBERS OF THE ARMED FORCES. (a) Enlisted Personnel. - Gross income does not include compensation received for active service as a member below the grade of commissioned officer in the Armed Forces of the United States for any month during any part of which such member - (1) served in a combat zone during an induction period, or * * * (b) Commissioned Officers. - Gross income does not include so much of the compensation as does not exceed $500 received for active service as a commissioned officer in the Armed Forces of the United States for any month during any part of which such officer - (1) served in a combat zone during an induction period, or * * * ↩
2. SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES. (a) General Rule. - The following items shall not be included in gross income and shall be exempt from taxation under this subtitle: (1) Bona Fide Resident of Foreign Country. - In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c). (2) Presence in Foreign Country for 17 Months. - In the case of an individual citizen of the United States who during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such 18-month period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c). An individual shall not be allowed, as a deduction from his gross income, any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this subsection.↩