ALBERTO ROQUE AND ZENAIDA ROQUE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3690-74. Filed February 3, 1976.

Alberto Roque and Zenaida Roque, pro se.
*Alan Summers,* for the respondent.

### OPINION

DAWSON, *Chief Judge:* Respondent determined a deficiency of $411.35 in petitioners' Federal income tax for the calendar year 1971. The only issue presented for our decision is whether petitioners are prohibited by section 933(1), I.R.C. 1954,[1] from deducting $2,484.30 of moving expenses, which otherwise qualify for deduction under section 217, because they are properly allocable to or chargeable against tax-exempt income derived from sources within Puerto Rico.

All of the facts have been stipulated by the parties in accordance with Rule 122, Tax Court Rules of Practice and Procedure. We adopt the stipulation of facts and exhibits attached thereto as our findings. The pertinent facts are set forth below.

Alberto and Zenaida Roque resided at Geronimo de Ovando J-C-1 7ma Section, Levittown, Catano, Puerto Rico, on the date they filed their petition herein. They previously had filed a joint Federal income tax return for calendar year 1971 with the Internal Revenue Service Center at Philadelphia, Pa. Since Zenaida Roque is a party to these proceedings solely by virtue of having filed a joint Federal income tax return with her husband for calendar year 1971, Alberto Roque alone will be referred to hereinafter as the petitioner.

Prior to November 1971, petitioner and his family resided in New York. During August of that year petitioner began discussing job opportunities with a Puerto Rican employer. As a result of these discussions, petitioner moved his household from New York to Puerto Rico in late November 1971, and was hired by that employer during December 1971. In conjunction with this relocation, petitioner incurred and paid moving expenses totaling $2,484.30. Neither petitioner nor his wife earned any Puerto Rican source income during taxable year 1971. Petitioner began his new employment on January 2, 1972. Both petitioner and his wife qualified as bona fide residents of Puerto Rico for the taxable year 1972 and each succeeding year thereafter through the taxable year 1974.

---

[1] All statutory references herein pertain to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

Respondent disallowed petitioner's deduction of the moving expenses from 1971 gross income. Although it is conceded that these expenses comply in every respect with the technical requirements of section 217, respondent argues that section 933(1) of the Code imposes an overriding allocation test for deductibility which acts to forbid the deduction in issue. Section 933(1) of the Code provides that:

The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

(1) RESIDENT OF PUERTO RICO FOR ENTIRE TAXABLE YEAR.—In the case of an individual who is a bona fide resident of Puerto Rico during the entire taxable year, income derived from sources within Puerto Rico (except amounts received for services performed as an employee of the United States or any agency thereof); *but such individual shall not be allowed as a deduction from his gross income any deductions (other than the deduction under section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this paragraph.* [Emphasis added.]

Respondent has determined that a sufficient nexus exists between petitioner's move and the tax-exempt income subsequently derived from sources within Puerto Rico to authorize the disallowance of these moving expenses as "properly allocable to or chargeable against amounts excluded from gross income under [sec. 933(1)]." Petitioner takes the position that the practical effect of respondent's determination is unduly discriminatory against both Puerto Ricans transferred from the United States to Puerto Rico by their employer and any United States citizen entering Puerto Rico in search of a better job opportunity.

We know of no court that has ruled previously on this precise point. A recent opinion of this Court, *William Hughes,* 65 T.C. 566 (1975), addressed the interaction of section 217 with section 911(a) of the Code, and we think the principles announced in that case must be extended to the situation presented here. The taxpayer in *Hughes* was transferred to Spain by his employer during calendar year 1971. As a result of this timing and the amount of his salary from foreign sources, the taxpayer received domestic taxable income, income from sources without the United States exempt from tax under section 911(a)[2] of the

---

[2] Sec. 911(a) provides that:

(a) GENERAL RULE.—The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

(1) BONA FIDE RESIDENT OF FOREIGN COUNTRY.—In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary or his

Code, and income from foreign sources in excess of the limitations imposed by section 911(c) which was subject to Federal income tax during the taxable year.

Respondent disallowed the taxpayer's attempt to deduct all moving expenses from his gross nonexempt income and alleged, as here, that at least a portion of those expenses were nondeductible because they were "properly allocable to or chargeable against amounts excluded from gross income" within the meaning of section 911(a). Although this Court had ruled twice before that section 217 moving expenses were fully deductible against gross taxable . income regardless of the source of income earned subsequent to a move, *Jon F. Hartung,* 55 T.C. 1 (1970); *Richard L. Markus,* T.C. Memo. 1971-313, each decision was reversed on appeal. *Hartung v. Commissioner,* 484 F. 2d 953 (9th Cir. 1973); *Markus v. Commissioner,* 486 F. 2d 1314 (D.C. Cir. 1973). After reviewing those decisions and the legislative histories underlying the promulgation of sections 217 and 911, we decided in *Hughes* to abandon our original position and disallow a deduction of any portion of the moving expenses allocable to subsequently earned tax-exempt income.

Embodied within the *Hughes* opinion is a rationale which must be extended to the interplay between sections 933(1) and 217. Moving expenses deductible under section 217 are those incurred or paid by the taxpayer "in connection with the commencement of work * * * as an employee or as a self-employed individual at a new principal place of work." This language was construed as establishing a sufficient nexus between

---

delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c).

(2) PRESENCE IN FOREIGN COUNTRY FOR 17 MONTHS.—In the case of an individual citizen of the United States who during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such 18-month period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c).

An individual shall not be allowed, as a deduction from his gross income, any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this subsection.

moving expenses and subsequently earned income to justify a finding that the moving expenses were "properly allocable to or chargeable against" that income. Thus, if that income or any part of it was tax exempt, expenses associated with the tax-exempt portion would not be deductible against current taxable gross income.

Sections 911 and 933 are both located within part III of subtitle A, chapter 1, subchapter N of the Code pertaining to income from sources without the United States. Each section was promulgated to exempt from the Federal income tax all or a portion of a taxpayer's qualifying foreign source income.[3] Carefully included within each section, however, is identical language designed to insure that tax-exempt income remains burdened with all costs associated with its production and that taxpayers do not receive a double benefit through the independent operation of two or more Code provisions. If we were to sanction the deduction in issue, petitioner would benefit not only from the exemption granted foreign source income received in subsequent years but also from a reduction of taxable income in the current year through the deduction of expenses necessarily incurred to earn his exempt income. Therefore, we conclude that respondent's interpretation of section 933(1) is correct. Since the record is silent concerning whether income subject to Federal income tax was earned after the move to Puerto Rico, we must disallow the entire moving expense deduction.

We find no merit in petitioner's argument that this result unduly discriminates against Puerto Ricans transferred to their homeland by their employers and United States citizens moving to Puerto Rico in search of better job opportunities. These taxpayers are entitled to all benefits of sections 933 and 217 for which they qualify. The limitation placed by section 933(1) upon section 217 relief represents a valid exercise of congressional discretion since it applies equally to all taxpayers and conforms to an established principle embedded in our scheme of Federal income taxation.

*Decision will be entered for the respondent.*

---

[3] Sec. 911(a) was enacted to promote American foreign trade by encouraging American businessmen to venture overseas and sell domestic products. See *Cecil A. Donaldson,* 51 T.C. 830, 836 (1969). Sec. 933 was promulgated as part of the Revenue Act of 1950 to eradicate former inequities in our tax laws under which all United States citizens who were bona fide residents of Puerto Rico did not receive the same tax treatment. S. Rept. No. 2375, 81st Cong., 2d Sess. (1950), 1950-2 C.B. 483, 518-520.