LAUGE H. AND HELEN S. CHRISTENSEN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10113–76.     Filed December 4, 1978.

---

*Robert Alexander Beer,* for the petitioners.
*Peter J. Panuthos and Philip A. Kaiser,* for the respondent.

OPINION

FAY, *Judge:* Respondent determined deficiencies in petitioners' Federal income taxes as follows:

| Year | Deficiency |
|------|------------|
| 1972 | $2,738 |
| 1973 | 3,739 |

The sole issue for decision is whether section 933(1)[1] precludes petitioners from deducting under section 212(3) certain legal and accounting expenses incurred by them in connection with an audit of their 1966 through 1969 Puerto Rican income tax returns conducted by the Puerto Rican Bureau of Income Tax.

All of the facts have been stipulated and are so found.

At the time of filing their petition herein, petitioners Lauge H. Christensen and his wife, Helen S. Christensen, resided in New Canaan, Conn.

Petitioners, citizens of the United States, resided in the Commonwealth of Puerto Rico during the years 1966, 1967, 1968, and 1969. While residing in Puerto Rico, petitioners were subject to Puerto Rican income taxes and accordingly filed Puerto Rican income tax returns for each of the years 1966 through 1969. Petitioners also filed Federal income tax returns for those same taxable years in which they properly excluded that portion of their income from sources within Puerto Rico pursuant to section 933.

In 1970 petitioners returned to the United States and established residency in Connecticut. Petitioners were subsequently informed that their Puerto Rican income tax returns for the years 1966 through 1969 were to be the subject of an audit examination by the Puerto Rican Bureau of Income Tax.

The audit of the petitioners' Puerto Rican income tax returns concerned only their income earned from sources within Puerto Rico. In connection with this audit, petitioners incurred and paid accounting and legal fees during 1972 and 1973 in the amount of $5,116 and $6,799, respectively.

On their 1972 and 1973 Federal income tax returns, petitioners

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, and in force during the years in issue.

deducted as miscellaneous expenses the accounting and legal fees they paid in connection with the Puerto Rican income tax audit. In the statutory notice issued to petitioners, respondent, relying on section 933, disallowed these deductions in their entirety.

Unless otherwise specifically prohibited,[2] section 212(3) allows a deduction for expenses paid in connection with the determination of any tax. Both parties agree that petitioners' legal and accounting expenses are deductible under section 212(3) unless specifically disallowed by section 933(1), which provides as follows:

> The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:
>
> (1) RESIDENT OF PUERTO RICO FOR ENTIRE TAXABLE YEAR.—In the case of an individual who is a bona fide resident of Puerto Rico during the entire taxable year, income derived from sources within Puerto Rico (except amounts received for services performed as an employee of the United States or any agency thereof); *but such individual shall not be allowed as a deduction from his gross income any deductions* (other than the deduction under section 151, relating to personal exemptions) *properly allocable to or chargeable against amounts excluded from gross income under this paragraph.* [Emphasis added.]

Since the income petitioners derived from sources within Puerto Rico was exempt from Federal income taxation, the precise question to be answered is whether the accounting and legal expenses incurred by petitioners in connection with the Puerto Rican income tax audit are "properly allocable to or chargeable against" such exempt income. If so, then the deductions must be disallowed.

Respondent contends that a sufficient nexus exists between the accounting and legal expenses in question and petitioners' Puerto Rican income to support the determination that such expenses are properly allocable to or chargeable against this exempt income within the meaning of section 933(1).

To the contrary, petitioners argue that section 933(1) operates to disallow as a deduction only those expenses incurred directly in the production of exempt income. Because their accounting

---

[2]Sec. 1.212–1(e), Income Tax Regs., provides in part:

"Nor does section 212 allow the deduction of any expenses which are disallowed by any of the provisions of subtitle A of the Code, even though such expenses may be paid or incurred for one of the purposes specified in section 212."

and legal expenses were not incurred until long after their Puerto Rican income was produced, these expenses are not properly allocable to or chargeable against this exempt income. Consequently, petitioners maintain section 933(1) is not a bar to the deduction of these expenditures under section 212(3).

In *Roque v. Commissioner*, 65 T.C. 920 (1976), the taxpayer during 1971 moved from New York to Puerto Rico where he was to commence employment in January 1972. In computing his income tax for 1971, he deducted his moving expenses. At issue was whether section 933(1) prohibited the deduction of these moving expenses which otherwise qualified for deduction under section 217.

Under the facts presented, we held that a "sufficient nexus" existed between the taxpayer's moving expenses and his subsequently earned Puerto Rican income to justify a finding that these expenses were "properly allocable to or chargeable against" such exempt income. 65 T.C. at 923–924. See also *Hughes v. Commissioner*, 65 T.C. 566 (1975).

In so holding, we observed that the language in section 933(1) was designed to "insure that tax-exempt income remains burdened with all costs associated with its production and that taxpayers do not receive a double benefit through the independent operation of two or more Code provisions." 65 T.C. at 924. Petitioners have interpreted our observation to mean that only those expenses incurred directly in the production of exempt income are "properly allocable to or chargeable against" such income. We disagree.

When Congress allowed a general exemption on all income earned in Puerto Rico, it intended at the same time to take away every other exemption traceable to such income.[3] Its purpose in doing so was to prevent taxpayers from receiving a double tax benefit: the first, from the exclusion of income, and the second, from the deductions allocable to such income. *Roque v. Commissioner, supra* at 924; *Brewster v. Commissioner*, 55 T.C. 251, 256 (1970), affd. per curiam 473 F.2d 160 (D.C. Cir. 1972). To accept petitioners' narrow interpretation of section 933(1) would undermine this purpose by permitting the deduction of expenses clearly attributable to exempt income. Therefore, to effectuate

---

[3]See *Cornman v. Commissioner*, 63 T.C. 653, 661 (1975), the issue in which involved a similar disallowance provision in sec. 911.

congressional intent, we believe that the disallowance provision of section 933(1) must be broadly construed to cover direct, as well as indirect, expenses which are clearly traceable to the production of exempt income.

In the present case, there can be no doubt that petitioners' accounting and legal fees were incurred indirectly in the production of and are clearly traceable to their exempt Puerto Rican income. To be sure, but for their Puerto Rican income, petitioners would not have incurred the expenses they now seek to deduct. Hence, we conclude that the expenses in question are "properly allocable to or chargeable against" income exempted by section 933(1) and, therefore, are not deductible.[4]

To reflect the foregoing,

*Decision will be entered for the respondent.*

---

[4]Noting that secs. 933 and 265 have similar objectives, respondent also contends that petitioners' expenses are subject to disallowance under sec. 265(1). See *Rinehart v. United States,* 429 F.2d 1286 (10th Cir. 1970). While this argument may have merit, because of our holding we do not reach it here.