**Lauge H. CHRISTENSEN and Helen S. Christensen, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 1100, Docket 79–4068.**

United States Court of Appeals, Second Circuit.

Argued June 20, 1979.

Decided June 28, 1979.

Robert A. Beer, Stamford, Conn. (Cummings & Lockwood, John B. Glendon, Stamford, Conn., of counsel), for petitioners-appellants.

Joan I. Oppenheimer, Atty., Tax Div., Dept. of Justice, Washington, D.C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Robert A. Bernstein, Attys., Tax Div., Dept. of Justice, Washington. D.C., of counsel), for respondent-appellee.

Before FEINBERG and TIMBERS, Circuit Judges, and MISHLER, Chief District Judge.*

**PER CURIAM:**

Lauge H. and Helen S. Christensen appeal from a decision and order of the Unit-

---

* Hon. Jacob Mishler, of the United States District Court for the Eastern District of New York, sitting by designation.

ed States Tax Court, Fay, J., finding deficiencies in their federal income tax for the tax years 1972 and 1973, in the amounts of $2,738 and $3,739, respectively. The only issue raised on appeal is whether the Tax Court correctly determined that section 933(1) of the Internal Revenue Code of 1954 precludes appellants from deducting legal and accounting expenses incurred by them in connection with an audit of their Puerto Rican income tax returns by the Puerto Rican Bureau of Income Tax, for tax years in which they were residents of Puerto Rico and their income from sources within Puerto Rico was properly excluded on their federal income tax returns.[1] We affirm the order of the Tax Court for substantially the reasons given in Judge Fay's opinion. 71 T.C. No. 28 (1978). However, we limit our holding to the precise situation before us, that is, the deductibility of expenses incurred in connection with the determination of a Puerto Rican tax on excluded Puerto Rican income.

The decision of the Tax Court is affirmed.

1. The Commissioner argues that the deduction is also precluded by section 265(1) of the Code. In view of our agreement with the Commissioner and the Tax Court concerning section 933, we do not reach this argument.