ADA N. MAESTRE AND BERNARDO L. LA FONTAINE,
PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 8674–78.     Filed November 26, 1979.

Bernardo L. La Fontaine, pro se.
*Eugene Meyers,* for the respondent.

OPINION

FEATHERSTON, *Judge:* Respondent determined a deficiency in the amount of $378.43 in petitioners' Federal income taxes for 1975. The only issue for decision is whether, under section 933,[1] petitioners must include in gross income amounts received for services rendered to the Veterans' Administration by petitioner Ada N. Maestre, a citizen of the United States and a bona fide resident of Puerto Rico.

All the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference.

Petitioners Ada N. Maestre (hereinafter Ada) and her husband, Bernardo L. La Fontaine (hereinafter Bernardo), were legal residents of Puerto Rico when they filed their petition. Throughout 1975, the year in controversy, they were bona fide residents of Puerto Rico and citizens of the United States. Petitioners were married in Puerto Rico on August 2, 1975. They filed a joint Puerto Rican income tax return for 1975. They also filed a joint Federal income tax return for 1975 with the Internal Revenue Service Center, Philadelphia, Pa.

During 1975, Ada received $8,684.80 for services performed in Puerto Rico as an employee of the Veterans' Administration, an agency of the United States. Respondent has conceded on brief that one-half of the income received by Ada after her marriage

[1]All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.

on August 2, 1975, is attributable to her husband under Puerto Rico's community property laws and thus, is exempt from taxation under section 933(1). All income, other than Ada's Veterans' Administration salary, received by petitioners in 1975 was derived from sources within Puerto Rico and was not received for services performed as an employee of the United States or any agency thereof. At issue, therefore, is the taxability of Ada's Veterans' Administration salary income prior to her marriage and one-half of her salary after her marriage.

Section 933[2] exempts from taxation all income derived from sources within Puerto Rico by a bona fide Puerto Rican resident except for income received for services performed as an employee of the United States or any of its agencies. Ada, a bona fide Puerto Rican resident, received income for services performed as an employee of the Veterans' Administration, an agency of the United States. Pursuant to the clear language of section 933, therefore, the income received for such services is taxable.

Petitioners, however, argue that section 933 is inapplicable to Puerto Rico because of the "Compact between Puerto Rico and the Congress of the United States." The "Compact" (Act of July 3, 1950, 64 Stat. 319, 48 U.S.C. sec. 731b) provides:

> Fully recognizing the principle of government by consent, section 731b to 731e of this title are now adopted in the nature of a compact so that the people of Puerto Rico may organize a government pursuant to a constitution of their own adoption.

Petitioners contend that the "Compact" prohibits the imposition of Federal income taxes upon Puerto Rican residents. Thus, they conclude, enforcement of section 933 is unconstitutional because it violates the powers vested in the President of the United States under article II of the United States Constitution. We disagree.

---

[2]Sec. 933 provides in pertinent part:

The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

(1) RESIDENT OF PUERTO RICO FOR ENTIRE TAXABLE YEAR.—In the case of an individual who is a bona fide resident of Puerto Rico during the entire taxable year, income derived from sources within Puerto Rico (except amounts received for services performed as an employee of the United States or any agency thereof); but such individual shall not be allowed as a deduction from his gross income any deductions (other than the deduction under section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this paragraph.

The "Compact" called for the creation of the Government of the Commonwealth of Puerto Rico and the adoption of a Puerto Rican constitution. Generally, however, the "Compact" does not prevent Congress from exercising similar authority over Puerto Rico that Congress exercises over the States. *Hodgson v. Union de Empleados de los Supermercados Pueblos*, 371 F. Supp. 56, 61 (D. P.R. 1974) (labor matters); *Liquilux Gas Services of Ponce, Inc. v. Tropical Gas Co.*, 303 F. Supp. 414, 418 (D. P.R. 1969) (Robinson-Patman Act); *United States v. Valentine*, 288 F. Supp. 957 (D. P.R. 1968) (selective service laws). United States citizens are subject to the laws of the United States, including the Internal Revenue Code, regardless of where they are domiciled. *Cook v. Tait*, 265 U.S. 47 (1924). Because Ada is a citizen of the United States, she is subject to those laws, and section 933 imposes the tax on her income earned as an employee of the United States or one of its agencies. The taxing of the salaries of United States citizens who are Federal employees is not a Puerto Rican domestic matter. We do not think that imposing a tax on the income of Federal Government employees in any way violates the "Compact."

Although 48 U.S.C. sec. 734[3] provides that the internal revenue laws of the United States, with some exceptions, do not apply to Puerto Rico, that section does not support petitioners' argument. That section excludes the operation of the Federal internal revenue laws to Puerto Rico only as a geographical unit. It does not exempt United States citizens from Federal internal revenue laws merely because the citizens also are residents of Puerto Rico. *United States v. Rexach*, 185 F. Supp. 465, 473 (D. P.R. 1960). Thus, Puerto Rico's power under the "Compact" to tax incomes does not preclude the United States from taxing the income of its citizens, such as Ada, who reside in Puerto Rico and are employed by the Federal Government. We think it clear that Congress has acted within its taxing power in enacting section

---

[3] 48 U.S.C. sec. 734 provides:

The statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, shall have the same force and effect in Puerto Rico as in the United States, except the internal revenue laws other than those contained in the Philippine Trade Act of 1946 or the Philippine Trade Agreement Revision Act of 1955: *Provided, however,* That after May 1, 1946, all taxes collected under the internal revenue laws of the United States on articles produced in Puerto Rico and transported to the United States, or consumed in the island shall be covered into the Treasury of Puerto Rico.

933. Cf. *Collins v. United States*, 156 Ct. Cl. 658, 299 F.2d 949, 950 (1962).

Petitioners also argue that section 933 "is discriminatory" because it denies residents of Puerto Rico various deductions, such as moving expenses, which are allowed residents of the United States. Petitioners, however, have neither claimed any deductions on their return, nor have they alleged or established that they are entitled to such deductions. Moreover, we previously rejected the argument that section 933 is discriminatory in *Roque v. Commissioner*, 65 T.C. 920, 924 (1976). See also *Christensen v. Commissioner*, 71 T.C. 328 (1978), affd. 601 F.2d 75 (2d Cir. 1979). The argument, therefore, has no merit in this case.

Petitioners' argument that section 933 is discriminatory because it "treats Puerto Ricans as aliens" also is clearly without merit. Section 933 provides the exemption for Puerto Rican source income for all who are bona fide residents of Puerto Rico during the entire taxable year regardless of whether they are United States citizens or aliens. Thus, the section is not discriminatory.

To reflect the foregoing,

*Decision will be entered under Rule 155.*