M. WHARTON YOUNG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Young v. Commissioner
Docket No. 26472-82.
United States Tax Court
T.C. Memo 1983-65; 1983 Tax Ct. Memo LEXIS 714; 45 T.C.M. (CCH) 648; T.C.M. (RIA) 83065; February 2, 1983. M. Wharton Young, pro se. Warren P. Simonsen, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and ruling on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE *715 SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted filed on December 20, 1982, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on August 10, 1982, determined a deficiency in petitioner's Federal income tax and an addition to the tax under section 6653(a) [3] for the taxable calendar year 1979 in the respective amounts of $8,140.40 and $407.00. Petitioner resided at 3230 Park Place, N.W., Washington, D.C. on the date he filed his petition. [4] He filed an Individual 1979 Federal income tax return (Form 1040) "under Protest and Duress" with the Internal Revenue Service. On line 8 of that return he reported wages of $7,463.00 (which is verified by a copy of a Form W-2 attached to the return); on line 9 he reported interest income of $1,539 from six sources listed on Schedule B attached to the return; *716 and on line 17 he reported fully taxable pension income of $339 (which is verified by a copy of a Form W-2 attached to the return). Respondent, in his deficiency notice, has given petitioner credit for the interest and pension income reported on his return and has determined that petitioner in 1979 received interest and pension income in the respective amounts of $8,761 and $16,233, which was not reported on petitioner's 1979 return. [5]
Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Petitioner at paragraph 4 of his timely filed petition alleges-- *717 Not subject to "TAXATION without REPRESENTATION" imposed over 50 years without voting for one (1) single Senator or Congressman is open Violation of my Constitutional and Civil rights. No interest or other payment for my cash resources advanced personally in solving the Mystery of "Hitler's Secret Weapon" (attached). As a physician and surgeon dedicated to preserving life, I consciously object to supporting Murder of Women and children as at Hiroshima. Appearing just above his signature on his petition is the following statement-- I request a trial by jury with full right to appeal to the Supreme Court of U.S.
On January 18, 1983 petitioner filed an objection to respondent's motion. Therein, in addition to the contentions stated in his petition, petitioner raises Fourth and Fifth Amendment grounds as a defense to non-payment of taxes and he opposes payment of Federal income tax on moral, humanitarian and religious grounds. It is clear that the petition fails to state a claim upon which this Court can grant any relief. It alleges no justiciable error or facts with respect to the Commissioner's determinations. In such circumstance, Rule 34(b)(4) states, in part-- *718 "Any issue not raised in the assignment of errors shall be deemed to be conceded". See Gordon v. Commissioner,73 T.C. 736, 739 (1980). Petitioner's principal contention seems to be that those who are denied the right to vote cannot be taxed for that would be taxation without representation. On this pont some 60 years ago the Supreme Court said-- Finally it is earnestly contended that the act is void, because it subjects the residents of the District to taxation without representation. Residents of the District lack the suffrage and have politically no voice in the expenditure of the money raised by taxation. Money so raised is paid into the treasury of the United States, where it is held, not as a separate fund for the District, but subject to the disposal of Congress, like other revenues raised by federal taxation. The objection that the tax is void because of these facts, is fundamental and comprehensive. It is not limited in application to the tax on intangibles, but goes to the validity of all taxation of residents of the District. If sound, it would seem to apply not only to taxes levied upon residents of the District for the support of the government *719 of the District, but also to those taxes which are levied upon them for the support generally of the government of the United States. It is sufficient to say that the objection is not sound. There is no constitutional provision which so limits the power of Congress that taxes can be imposed only upon those who have political representation.* * *. [Emphasis added.] [Heald v. District of Columbia,259 U.S. 114, 124 (1922).] Moreover, this Court in 1979 said-- * * * United States citizens are subject to the laws of the United States, including the Internal Revenue Code, regardless of where they are domiciled. Cook v. Tait,265 U.S. 47 (1924). * * *. [Maestre v. Commissioner,73 T.C. 337, 339 (1979).] [6]
It is well settled that in a suit concerning Federal tax liability, no right to a jury trial exists under the Seventh Amendment to the Constitution guaranteeing a jury trial in common law *720 actions. Cupp v. Commissioner,65 T.C. 68, 86 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3rd Cir. 1977).See Wickwire v. Reinecke,275 U.S. 101 (1927); Olshausen v. Commissioner,273 F.2d 23, 27 (9th Cir. 1959); Swanson v. Commissioner,65 T.C. 1180 (1976); section 7453.Furthermore, this Court has no authority to appoint an attorney to represent petitioner in this proceeding. For more than 20 years this Court and others in a long, undeviating, and seemingly unending parade of opinions have held that a taxpayer may not refuse to pay Federal income taxes on moral, humkanitarian or religious grounds. Graves v. Commissioner,579 F.2d 392 (6th Cir. 1978), cert. denied 440 U.S. 946 (1979) (war tax credit disallowed); Tingle v. Commissioner,73 T.C. 816 (1980) (Ninth Amendment); Greenberg v. Commissioner,73 T.C. 806 (1980) (Nuremberg Principles, international law and numerous international agreements and treaties); Muste v. Commissioner,35 T.C. 913 (1961). [7]
*721 Petitioner's due process rights have not been abrogated or abridged here. Ginter v. Southern,611 F.2d 1226 (8th Cir. 1979). Cupp v. Commissioner,supra. His general assertion that his Fourth and Fifth Amendment rights have been violated is without merit. See Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); Gunnarson v. Commissioner,T.C. Memo. 1982-669. On this record we must and do grant respondent's motion. An appropriate order of dismissal and decision will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. Petitioner, a retired physician-surgeon-scientist, is approximately 80 years of age and has been a resident of the District of Columbia for more than 50 years. ↩
5. Nowhere in this record does petitioner contend that he did not receive the unreported income determined by respondent for 1979.↩
6. We observe that since Home Rule was inaugurated in the District of Columbia any eligible voter, inter alia, may vote for a Mayor, members of the City Council and a delegate to the United States House of Representatives.↩
7. See also, Lull v. Commissioner,602 F.2d 1166 (4th Cir. 1979); Pietsch v. President of United States,434 F.2d 861 (2d Cir. 1970); Anthony v. Commissioner,66 T.C. 367 (1976); Russell v. Commissioner,60 T.C. 942 (1973); Egnal v. Commissioner,65 T.C. 255 (1975). In United States v. Lee,455 U.S. 252 (1982), revg. and remanding a District Court decision, the United States Supreme Court, in a case concerning a claim of religious protection under the First Amendment↩, stated: "Because the broad public interest in maintaining a sound tax system is of such high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax".