CLIFFORD R. DAMMERS AND ROBIN A. DAMMERS, PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7543–78.    Filed May 21, 1981.

Clifford R. Dammers, pro se.
*Paulette Segal*, for the respondent.

OPINION

WILBUR, *Judge*: Respondent determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $1,025.98. This case was submitted fully stipulated under Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Due to concessions by the petitioners, the remaining issue for our decision is whether $7,312.05 of reimbursed moving expenses is attributable to foreign source income or U.S. income.

At the time of the filing of the petition in this case, petitioners resided in New York, N.Y. Because the facts pertaining to this dispute involve primarily Clifford Dammers, he will be referred to as petitioner.

From August 1970 until January 1979, petitioner was employed as an attorney in the law firm of Cleary, Gottlieb, Steen & Hamilton (Cleary, Gottlieb). In 1971, petitioner was requested by Cleary, Gottlieb to transfer to its Paris, France, office. In order to induce petitioner to accept the transfer, Cleary, Gottlieb orally promised to reimburse him for all expenses incurred in moving him, his family, and his household goods to France and also to reimburse him for moving expenses incurred in returning to the United States. In reliance on Cleary, Gottlieb's promise, petitioner agreed to transfer to its Paris, France, office. Petitioner and his family moved to France on August 30, 1971, and resided there until September 10, 1973.

In 1973, Cleary, Gottlieb requested petitioner to move from its Paris, France, office to its London, England, office. At the time of the request, Cleary, Gottlieb promised to reimburse petitioner for the move to London and reiterated its promise to reimburse petitioner for the cost of moving him and his family back to the United States. Petitioner and his family moved from Paris to London on September 10, 1973, and resided there until June 20, 1975. On August 5, 1975, petitioner and his family returned to the United States to live. In 1975, Cleary, Gottlieb reimbursed petitioner for the move to the United States in the amount of $7,312.05.

The parties are in agreement that the amount received by petitioner as reimbursement for moving expenses is includable

in petitioner's gross income under section 82.[1] The disagreement relates to whether the reimbursement for moving expenses is attributable to services performed by petitioner outside the United States and thus is income from sources outside the United States, or whether the reimbursement is income from sources within the United States. Resolution of this issue affects the computation of the foreign tax credit allowed petitioner for the year 1975.[2]

Petitioner maintains that the reimbursed moving expenses must be considered income attributable to his services in a foreign country because his employer agreed to pay the moving expenses incurred in returning to the United States before and as an inducement for petitioner's transfer to the Paris office. On the other hand, respondent contends that the reimbursed expenses must be considered income from sources within the United States because petitioner continued to work for the same employer after his return and thus the reimbursement was attributable to petitioner's services within this country. We agree with petitioner that the reimbursement for moving expenses is income from sources outside the United States for the purposes of calculating the foreign tax credit.

Section 861(a)(3)[3] provides that income from sources within

---

[1]All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue, unless otherwise indicated.

Sec. 82 provides as follows:

SEC. 82. REIMBURSEMENT FOR EXPENSES OF MOVING.

There shall be included in gross income (as compensation for services) any amount received or accrued, directly or indirectly, by an individual as a payment for or reimbursement of expenses of moving from one residence to another residence which is attributable to employment or self-employment.

[2]Under sec. 901, a taxpayer is allowed a credit against his U.S. income tax liability for income taxes paid during the taxable year to any foreign country. The foreign tax credit is limited, however, by sec. 904 which provides that the total amount of the credit may not exceed that proportion of the U.S. tax which taxable income from sources without the United States bears to the taxpayer's entire taxable income for the same taxable year. Thus, if the reimbursement for moving expenses is considered to be income earned from sources without the United States, the numerator of the fraction which is applied against the U.S. tax liability under sec. 904 is increased, resulting in a larger credit to offset petitioner's tax liability.

[3]Sec. 861(a)(3) provides in relevant part as follows:

SEC. 861. INCOME FROM SOURCES WITHIN THE UNITED STATES.

(a) GROSS INCOME FROM SOURCES WITHIN UNITED STATES.—The following items of gross income shall be treated as income from sources within the United States:

\* \* \* \* \* \* \*

(3) PERSONAL SERVICES.—Compensation for labor or personal services performed in the United States * * *

the United States includes compensation for labor or personal services performed in the United States. Section 862(a)(3)[4] provides that income from sources without the United States includes compensation for labor or personal services performed without the United States. Thus, the source of income, United States or foreign, is determined by the situs of the services rendered, not by the location of the payor, the residence of the taxpayer, the place of contracting, or the place of payment. *Dillin v. Commissioner*, 56 T.C. 228 (1971).

It is clear, given the facts of this case, that the reimbursement of petitioner's moving expenses is attributable to petitioner's employment in France, and is thus foreign source income. In 1971, petitioner's employer agreed to pay for the expenses of moving petitioner and his family back to the United States as an inducement for petitioner to accept a position in its foreign office. The agreement to reimburse petitioner was not made contingent upon petitioner's continued employment with Cleary, Gottlieb after his return to this country, but rather was given in consideration for petitioner's agreement to transfer to and work in the Paris office.

Citing *Hughes v. Commissioner*, 65 T.C. 566 (1975), respondent asks us to adopt the broad proposition that any time an employer reimburses an employee for moving expenses and the employee works for the employer after the move, the reimbursement is attributable to the future services performed after the move. We decline to adopt such a rule, and find nothing in *Hughes v. Commissioner, supra,* which would compel us to do so. In *Hughes,* the taxpayer was reimbursed for moving expenses he incurred when his employer transferred him from the United States to Spain. The issue was whether a portion of his expenses, otherwise deductible under section 217, must be disallowed because it was allocable to income earned from sources without the United States, exempt from tax under section 911(a). The Court found that the reimbursement received by petitioner was attributable to the gross income earned at the new place of

---

[4]Sec. 862(a)(3) provides as follows:

SEC. 862. INCOME FROM SOURCES WITHOUT THE UNITED STATES.

(a) GROSS INCOME FROM SOURCES WITHOUT UNITED STATES.—The following items of gross income shall be treated as income from sources without the United States:

*      *      *      *      *      *      *

(3) compensation for labor or personal services performed without the United States.

employment, and thus was income from sources outside the United States.

Generally, as the *Hughes* case illustrates, when an employer reimburses an employee for expenses incurred in moving to a new location to work for him, the reimbursement is given in anticipation of the future work to be performed for the employer, and is thus attributable to services to be performed at the new location. In the case before us, however, the reimbursement was not tendered in anticipation of petitioner's future work in the New York office, but rather was in accordance with a prior agreement made by Cleary, Gottlieb that if petitioner transferred to its Paris office, it would pay for the moving expenses incurred when petitioner returned to this country. Indeed, it is clear from the record before us, and we do not understand respondent to contend otherwise, that petitioner would have been reimbursed by Cleary, Gottlieb regardless of whether he continued in their employment upon his return. Because the agreement to reimburse petitioner was made prior to and in consideration for the petitioner's transfer to the foreign office and was not contingent upon petitioner's continued employment upon his return, the reimbursement must be considered compensation for services performed without the United States, and thus income from sources without the United States. To reflect the foregoing,

*Decision will be entered under Rule 155.*