WOLFGANG METZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Metz v. Commissioner
Docket No. 31030-81.
United States Tax Court
T.C. Memo 1985-35; 1985 Tax Ct. Memo LEXIS 596; 49 T.C.M. (CCH) 575; T.C.M. (RIA) 85035; January 17, 1985
*596 Petitioner, a nonresident alien, received compensation and reimbursement of travel expenses from foreign and domestic corporations in connection with a temporary research assignment in the United States. Held, petitioner is taxable in the United States on the entire amount of compensation received. Heldfurther, petitioner is entitled to deduct certain substantiated travel and away-from-home expenses. Wolfgang Metz, pro se. Evelyn E. Small, for the respondent. STERRETT
*576 MEMORANDUM OPINION STERRETT, Judge: By notice of deficiency dated September 16, 1981, respondent determined a deficiency in petitioner's 1978 Federal income tax of $2,470. In an amendment to his answer, respondent increased the determined deficiency by $4,117. After concessions made by the parties, the issues for decision are: (1) whether any part of the income shown on petitioner's Form W-2 is excludable from income; (2) whether an advance of $8,400 paid to petitioner by IBM Deutschland GmbH is excludable from income; (3) whether petitioner's income includes a reimbursement for travel expenses paid in connection with petitioner's move to San Jose, California from Germany; and (4) to what extent petitioner is entitled to deduct travel and away-from-home expenses from his income. The facts in this case *599 have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. At the time he filed his petition in this case, petitioner resided at Hausacker 17A, 5064 Rosrath-Hoffnungsthal, West Germany. Petitioner timely filed a U.S. nonresident alien income tax return for the taxable year 1978 with the Internal Revenue Service at Philadelphia, Pennsylvania. *3 Petitioner is a citizen of West Germany. He entered the United States on a J-1 visa on March 1, 1978 and departed on February 28, 1979. Prior to March 1, 1978 petitioner was an assistant professor at the University of Cologne, West Germany. Petitioner was interviewed by IBM Deutschland GmbH in Germany for a research assignment with IBM research division, San Jose Research Laboratory (IBM San Jose) in San Jose, California. On January 13, 1978 petitioner entered into a "Temporary Research Assignment" with IBM San Jose to perform studies and research services for a term of 12 months beginning in March 1978. The University of Cologne granted petitioner a leave of absence without pay *600 from his employment at the University for the purpose of participating in the IBM research project. The period during which petitioner participated in the project did not count as employment with the University of Cologne. Petitioner's services under the contract with IBM San Jose were performed in the United States. No services were performed abroad. During the 12 months he spent with IBM San Jose, petitioner studied IBM literature and IBM systems and participated in special research projects. Prior to petitioner's departure from West Germany, IBM Deutschland GmbH released to petitioner an advance of $8,400, which was neither reflected by IBM San Jose on petitioner's 1978 Form W-2 nor included by petitioner in his United States gross income for the year. Petitioner also received a salary of *4 approximately $11,827 from IBM San Jose for the performance of professional services. This figure was reported by IBM San Jose on petitioner's 1978 Form W-2. Upon petitioner's arrival at IBM San Jose, petitioner received a reimbursement of $1,154.78 for travel, meals, and lodging expenses incurred in moving from Germany to San Jose, California. [1] In addition, IBM San Jose *601 paid $626.30 directly to a moving company for shipping petitioner's household goods and personal effects to the United States. The $626.30 amount was included in the amount shown on petitioner's 1978 Form W-2 from IBM San Jose. Petitioner was informed by IBM that the $626.30 amount had been charged to IBM Deutschland GmbH and was not taxable in the United States. Petitioner was further informed by IBM San Jose that his compensation of $11,827 was paid 67 percent by IBM Corporation, a domestic corporation, and 33 percent by IBM World Trade Corporation, a foreign corporation. Upon conclusion of the 12-month employment contract with IBM San Jose, petitioner returned to West Germany to resume his position at the University of Cologne. The resumption of employment with the University of Cologne was contemplated in an employment contract with the University dated March 16, 1978. At *5 no time, either before he left West Germany or after *602 he returned thereto, did petitioner report to IBM World Trade or to IBM Deutschland GmbH. In filing his 1978 Federal income tax return petitioner reduced his income reflected on the Form W-2 by $626, representing the amount paid to the moving company, leaving a net salary of $11,201. In addition, petitioner claimed that 33 percent ($3,696) of the net salary was foreign source income and therefore nontaxable. The remaining 67 percent ($7,505) was reported one-half by petitioner and one-half by petitioner's wife on their separate returns. Petitioner and his wife noted on their separate returns that the income was being split equally between them in reliance on the community property law of West Germany. Petitioner and his wife each claimed travel, meals, and lodging expenses of $3,216, for a total of $6,432. The amounts claimed as expenses reflected a 39-percent reduction in the total amount of expenses allegedly incurred, which reduction was attributable to an allocation of 39 percent of the expenses to asserted exempt foreign source income. Respondent disallowed petitioner's attempt to split his income with his spouse for Federal income tax purposes, and petitioner does not contest *603 respondent's disallowance in this respect. *6 Respondent's position herein is that the entire amount shown on petitioner's Form W-2 ($11,827) plus the advance on salary paid by IBM Deutschland GmbH ($8,400) plus the $1,555 moving expense reimbursement is income derived from sources within the United States and is taxable to petitioner. Section 861(a)(3) [2] provides, in general and with an exception not herein applicable, that compensation for labor or personal services performed in the United States shall be treated as income from sources within the United States. Section 1.861-4, Income Tax Regs., fleshes out the statute by providing, in part, as follows: Gross income from sources within the United States includes compensation for labor or personal services performed in the United States irrespective of the residence of the payer, the place in which the contract for service was made, or the place or time of payment * * *. The compensation received by petitioner was clearly income from sources within the United *604 States since the personal services compensated were performed in the United States. [3] Therefore, we reject from the outset petitioner's assertion that the amount of the compensation paid by IBM Deutschland GmbH and IBM World Trade was foreign source income. *7 As a general rule, the gross income of a nonresident alien individual, like petitioner, includes gross income derived from the performance of personal services within the United States. Sections 872(a)(2), 864(b), 864(c)(3), and 861(a)(3). The general rule is subject to certain specific statutory exceptions. One such exception, as set forth in section 872(b)(3), is as follows: Compensation paid by a foreign employer to a nonresident alien individual for the period he is temporarily present in the United States as a nonimmigrant under subparagraph *605 (F) or (J) of section 101(a)(15) of the Immigration and Nationality Act, as amended. For purposes of this paragraph, the term "foreign employer" means-- (A) a nonresident alien individual, foreign partnership, or foreign corporation * * *. Petitioner contends that pursuant to the foregoing provision, he is entitled to exclude from gross income the portion of his compensation paid by IBM Deutschland GmbH and IBM World Trade. We disagree. In our view neither of those entities qualified as a "foreign employer" within the meaning of section 872(b)(3). Petitioner's only employer in a foreign country was the University of Cologne. At no time, either before he departed from Germany or after he returned thereto, did petitioner report for duty to IBM Deutschland or IBM World Trade. The contract setting forth the terms and conditions of petitioner's employment with IBM was executed by the director of the San Jose Research Laboratory and required that petitioner's services be performed at IBM San Jose. The fact that IBM Deutschland GmbH interviewed *8 petitioner and proposed to petitioner that he spend a 1-year assignment with IBM San Jose, in our view, does not make IBM Deutschland, *606 let alone IBM World Trade, a "foreign employer" with respect to petitioner. In short, we believe that the term "foreign employer" connotes some sort of employment relationship of more substance than is present in the instant case, and we decline to read the exclusion from gross income set forth in section 872(b)(3) as broadly as petitioner would have us read it. The general rule that gross income of a nonresident alien individual includes gross income derived from the performance of personal services within the United States is also subject to any exceptions arising out of any treaty obligation of the United States. Section 894(a). On brief, petitioner argues that the compensation paid by IBM Deutschland GmbH and IBM World Trade is exempt from taxation in the United States under Article XIII (2) of the United States-German Income Tax Convention, July 22, 1954, 5 U.S.T. (vol. 3) 2768, 2794, T.I.A.S. No. 3133, amended by Protocol, September 17, 1965, 16 U.S.T. (vol. 2) 1875, T.I.A.S. No. 5920. [4] Under Article XIII (2), a German resident apprentice who is temporarily present in the United States "exclusively for the purpose of acquiring business or technical *607 experience" shall be exempt from tax by the United States in respect of "remittances from abroad for study and maintenance." Petitioner does not fall *9 within the scope of the foregoing exemption. While the acquisition of technical experience may have been an important factor motivating petitioner to accept the assignment with IBM San Jose, the terms of the employment contract with IBM San Jose clearly contemplated the rendition by petitioner of services that would benefit IBM San Jose and for which petitioner would receive a salary. Nor do we find any other provision of the United States-German Income Tax Convention behind which petitioner could take refuge. Having found no exclusion or exemption applicable in petitioner's case, we conclude that petitioner must include in gross income the full amount of compensation paid to him by IBM Deutschland GmbH, IBM World Trade, and IBM San Jose. This conclusion extends to the total amounts received as reimbursement of "moving expenses, *608 " which includes the $1,154.78 for travel, meals, and lodging expenses incurred in moving to San Jose, California, as well as the $626.30 paid to the moving company. [5] Sections 82 and 217(b); section 1.82-1(a)(4), Income Tax Regs.
Respondent concedes that petitioner is entitled to deduct substantiated travel and away-from-home expenses in the amount of $6,730 incurred in connection with his employment at IBM San *10 Jose. Petitioner has not proven that he incurred any deductible expenses in excess of that amount. [6]
Decision will be entered under Rule 155.
Footnotes
1. The stipulation of facts erroneously states that the amount of the reimbursement was $1,159.78, and respondent concedes that the actual amount of the reimbursement was $1,154.78, as reflected in an exhibit stipulated into evidence.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in issue.↩
3. The moving expenses and accompanying reimbursement are attributable to the services rendered at the new place of employment, i.e., the United States. The reimbursement, therefore, represents United States source income. See Hughes v. Commissioner,65 T.C. 566, 572 (1975); cf. Dammers v. Commissioner,76 T.C. 835, 839↩ (1981).
4. Petitioner actually cites to Article III (2). However, because Article III (2) could not possibly be applicable to petitioner, we assume that petitioner intended to cite to Article XIII (2).↩
5. The $626.30 amount was actually included in the 1978 Form W-2 issued to petitioner, and respondent concedes that he erroneously included that amount twice in computing the determined deficiency.↩
6. Petitioner does not contend that he is entitled to deduct, under section 217, the expenses paid to the moving company, and we are unable to determine, based on the record before us, whether petitioner satisfied the statutory and regulatory prerequisites to such a deduction.↩